■ FORT M DEVELOPMENT CORP., Appellant-Respondent, v INLAND CREDIT CORPORATION, Respondent-Appellant.—Order, Supreme Court, New York County, entered April 29, 1976, granting summary judgment to the defendant, dismissing the second and third causes of action and denying summary judgment to the defendant as to the first cause of action, modified on the law to the extent of granting summary judgment on the first cause of action, and otherwise affirmed, with $60 costs and disbursements to defendant. Fort M Development Corp. (Fort M) was in the process of constructing a garden-apartment complex in Fort Myers, Florida. Bankers Trust Company had agreed to furnish a construction loan for the project but was going to withhold a portion of the loan until substantial completion of the project. Inland Credit Corporation (Inland) was approached for a loan commitment to fill this financing gap. A mortgage commitment agreement was executed, dated August 9, 1973, which provided, *inter alia,* that as a condition precedent to obtaining the mortgage personal guarantees would be provided by five persons (including one Murray Levine) and their respective spouses. The other portion of the commitment agreement required delivery to Inland of a "check for an amount equal to three percent of $320,000 and in consideration thereof this commitment shall remain in full force and effect for a period of [12] months from the date hereof." Fort M paid Inland the commitment fee of $9,600 in accordance with the above-quoted formula. On June 24, 1974 Fort M requested that Inland honor its mortgage commitment. It was then that Inland learned that Murray Levine, one of the prospective guarantors, had died on November 29, 1973. Inland on that basis declined to close the mortgage loan. Fort M sued and in its complaint alleged three causes of action: the first was for the return of the $9,600 commitment fee; the second in damages for failure to fund the commitment; and the third was for the alternative relief of specific performance to compel funding by Inland. Special Term dismissed the second and third causes of action but denied summary judgment on the first cause of action. While we agree with Special Term that Inland is entitled to summary judgment on the second and third causes of action, we have modified the determination of Special Term to the extent of granting summary judgment on the first cause of action as well. The language of the commitment letter was clear and unambiguous. The $9,600 was paid in consideration for keeping the loan commitment in full force and effect. Inland kept the loan commitment open and therefore earned its fee. We further find that the granting of summary judgment to Inland on the second and third causes of action was correct. In an executory contract of this sort, performance of which depends on and assumes the continued existence of one or more persons, the death of one or more of those persons extinguishes the obligation to perform *(Stewart v*

*Stone,* 127 NY 500, 507; *Lorillard v Clyde,* 142 NY 456, 462). In the case at bar, the death of Murray Levine, whose written guarantee was a condition precedent to closing the mortgage commitment, excused performance by Inland *(Lojo Realty Co. v Estate of Johnson,* 227 App Div 292, affd 253 NY 579). To hold otherwise would be to permit the promisee to unilaterally vary the unambiguous terms of the contract and to enforce an obligation in a manner not contemplated by the parties. We are not, as our dissenting brother suggests, "excus[ing] the defendant from performance on the ground that there is no valid, enforceable agreement." Rather, we are stating that the agreement is indeed valid though performance by Inland is excused due to the impossibility of performance of a condition precedent by Fort M. Concur—Lupiano, J. P., Birns, Capozzoli and Lane, JJ.; Nunez, J., dissents in the following memorandum: It seems to me incongruous and most unfair to allow the defendant to retain the sum of $9,600 on its claim that it earned this sum under a valid agreement with the plaintiff and, at the same time, to excuse the defendant from performance on the ground that there is no valid, enforceable agreement. This is exactly what my brethren are doing. The contract calls for the guarantee of five individuals and their respective spouses. Four of the five guarantors were partners in an account-ing firm; one of these four died. Upon his death his entire estate plus insurance proceeds of over $50,000 passed to his wife. She and the other guarantors were willing to guarantee the loan. However, the lender refused to proceed with the loan despite the fact that the assets and income of the guarantors were in no way diminished by the death of one of them. The lender's refusal was not made in good faith. As the death of one of the guarantors did not diminish the value of the guarantee, there is no reason to allow the lender unilaterally to shed its commitments. "Every contract implies good faith and fair dealing between the parties to it * * * The courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable, and especially one that will place one of the parties at the mercy of the other" *(Simon v Etgen,* 213 NY 589, 595). The afore-mentioned equitable principles are entirely disregarded by the major-ity. If a valid contract existed entitling the defendant to $9,600, it should perform its obligation thereunder. If the contract became unenforceable by reason of a guarantor's death, the $9,600 should be returned to the plaintiff. I would modify the judgment appealed from by giving the defendant the option to do one or the other, but not both.