Gabrielli, J.
(dissenting). I dissent on the ground that the Attorney-General’s complaint states adequately a valid cause of action. Despite the clever formulation and structure of the loans made or to be made, as described in the pleadings, I conclude that the Legislature and State banking board define this scheme as usurious.
*49 The relevant facts in this case are uncomplicated. The defendant bank received $150,000 from a developer in consideration for making money available to grant mortgage loans to purchasers of the homes built by the developer. It granted those mortgages at the maximum legal rate and, together, the sums received via the commitment and the interest charged to the purchasers exceeded the maximum allowed by statute and banking board regulations; ergo a claim has been stated in usury.
The current maximum rate of interest for mortgage loans to individuals is 81A%. Section 14-a of the Banking Law empowers the banking board to set maximum rates, but mandates that the rate prescribed "shall include as interest any and all amounts paid or payable, directly or indirectly, by any person, to or for the account of the lender in consideration for making the loan” (subd 2, par [b]); and the banking board regulations track this language precisely (3 NYCRR 4.2 [a]). In simple terms the sum of $150,000 "was paid * * * [by the developer] * * * ^ * * * the lender in consideration for making the loan”, exactly as defined by statute and regulation; and must therefore be considered as part and parcel of the interest charged. Upon this analysis, the amount received by the bank was most certainly in excess of the maximum legal rate of interest. The regulation does exclude from the term "interest” "a reasonable fee in consideration for the legally enforceable written commitment of the lender to reserve funds for future disbursement to the borrower, provided such commitment was made prior to November 1, 1968” (3 NYCRR 4.3 [a]; emphasis added). The commitment here involved was made in 1973 and, of course, cannot be excluded in the computation of the total interest to be received by the bank. The limited exclusion for pre-1968 fees implicitly, and indeed explicitly, recognizes that mortgage commitment fees fit squarely within the definition of interest; and as such it represents the considered judgment of the administrative body charged with defining lawful interest rates, and should not be cavalierly thrust aside by this court.
A contrary result ignores the realities of the situation. A mortgage commitment fee requires that the bank make money available for mortgages, and certainly is a consideration for the loans themselves. To say it is consideration only for setting aside the money ignores the reason for making the commitment. The developer was interested in purchasers being able to secure mortgages and, of course, he was not *50 interested, in what the bank did with its funds before the mortgage applications were made. It is unreasonable to postulate that a developer would pay the bank for holding funds in abeyance; what he bargained for and received was the eventual grant of the mortgages issued here: nothing else. The majority’s computation based on "tacking” the time period during which the commitment was enforceable to the time of the loans likewise assumes that the money was set aside in a bank vault awaiting loan applications; if in fact this unlikely event occurred, it should be demonstrated at trial and not on a motion to dismiss for failure to state a cause of action. Assuming, as we must, the correctness of the factual allegations of the complaint, it appears without question that since the mortgage loans were made to purchasers at the maximum legal rate of interest, the commitment charge received by the bank, when added to that rate of interest, gave the bank a rate of return in excess of the maximum allowable rate of interest.
Today’s result imposes a burden on home purchasers not heretofore recognized. The land developer paid a sizeable sum to defendant bank in consideration for his purchasers receiving mortgage money. This certainly was not done in the spirit of charity but was, of course, passed on to the purchasers to pay, at least by indirection by way of increased cost of the homes, or whatever. In order for the Attorney-General to discharge his obligation to stifle any form of usurious charges by lenders, it matters not that the purchasers did not themselves directly pay any part of the commitment. It suffices under the statute and regulation if money was paid "directly or indirectly, by any person [here the developer], to * * * the lender in consideration for making the loan” (Banking Law, § 14-a, subd 2, par [b]; 3 NYCRR 4.2 [a]).
In reaching an affirmance, the majority relies, in part, on the holdings in Fort M Dev. Corp. v Inland Credit Corp. (54 AD2d 862, affd on mem at App Div 43 NY2d 763) and Boston Ed. Shopping Center v Teachers Ins. & Annuity Assn. of Amer. (13 AD2d 106, affd without opn 11 NY2d 831), cases which are readily distinguishable. The issues resolved therein are not dispositive of the larger question and issue in the case before us. Those cases dealt with strictly personal contractual commitment arrangements which in no conceivable manner could possibly affect the amount of interest that would be payable by other borrowers from the principal. More impor *51 tant, whether the commitment was exercised or abandoned in those cases, there was no understanding or provision whereby the borrower would be required to pay the maximum legal rate of interest in addition to the commitment fee.
There is an inescapable conclusion to be reached in the scheme devised by bank, and it is succinctly this: there undoubtedly would have been no mortgage transaction without the commitment fee of $150,000 having been paid by the developer.
Accordingly, I dissent and vote to modify and deny the motion to dismiss the complaint, with costs.
Judges Jasen, Wachtler and Fuchsberg concur with Judge Jones; Judge Gabrielli dissents and votes to modify in a separate opinion in which Chief Judge Breitel and Judge Cooke concur.
Order affirmed.