■ STUDIO 54 DISCO, INC., Respondent, v PEE DEE JAY AMUSEMENT CORP., Also Known as PEE DEE JAY AMUSEMENT CO., INC., Doing Business as SAGES, Appellant. — In an action for specific performance of a contract to sell a restaurant business, the defendant appeals (1) from so much of an order of the Supreme Court, Nassau County, dated May 19, 1980, as, upon granting plaintiff's motion for leave to reargue an order dated January 3, 1980, granted plaintiff's motion to dismiss the first and second affirmative

---

defenses and for summary judgment, (2) from so much of a second order of the same court, dated July 17, 1980, as granted plaintiff's motion, *inter alia,* to compel defendant to perform the contract, and upon granting defendant's cross motion to reargue the order dated May 19, 1980, in effect, adhered to that determination, and (3) from a third order of the same court, dated September 8, 1980, which, upon defendant's default, granted plaintiff's motion for the appointment of a Receiver, pursuant to CPLR 5106, and ordered the Receiver to consummate the sale under the contract. Appeal from the order dated September 8, 1980 dismissed. No appeal lies from an order entered upon default. Orders dated May 19, 1980 and July 17, 1980, reversed insofar as appealed from, plaintiff's motions, *inter alia,* for summary judgment and to compel defendant to perform the contract are denied. The order dated September 8, 1980 is vacated. Defendant is awarded one bill of $50 costs and disbursements. At the time the plaintiff demanded a closing under the contract, the defendant responded that it could not close because it was restrained by prior orders of the Supreme Court, Nassau County, which directed the delivery of the stock and books of the defendant to a third party, as well as a prior restraining notice from the third party, as a creditor, prohibiting any sale or transfer of the property of the defendant. Later the orders were reversed by this court *(Franklin v Pee Dee Jay Amusement Co.,* 71 AD2d 866). Thereafter, both the plaintiff and defendant attempted to schedule a closing date, but for various reasons claimed to constitute sufficient grounds for refusal by the parties, the closing did not take place. Special Term held that the orders and notice did not excuse the defendant for the failure to close the contract on the initial demand of the plaintiff. Under the modern doctrine of impossibility of performance, a party restrained by a judicial order will be excused from performance of a contract if the party did not contribute to the issuance of the order *(Lowenschuss v Kane,* 520 F2d 255, 265; 6 Corbin, Contracts, § 1346; 18 Williston, Contracts [3d ed], § 1939, p 49; Restatement, Contracts, §§ 457, 458; 10 NY Jur, Contracts, § 373, p 361). *Wilkinson v First Nat. Fire Ins. Co. of Worcester* (72 NY 499, 505), relied on by Special Term, is distinguishable (see 6 Corbin, Contracts, § 1346, p 429). Here, the defendant, in the litigation with the third party out of which the orders and notice emanated, resisted vigorously the claims of the third party and was ultimately successful on appeal. Hence, sufficient appeared on the face of the papers submitted on plaintiff's motion for summary judgment to raise a triable issue with respect to the defendant's actions, if any, which may have contributed to the issuance of the orders and notice. Moreover, a triable issue is raised with respect to the defendant's assertions, denied by the plaintiff, that certain "riders" are a part of the contract of sale. If, indeed, the "riders" are part of the contract, their provisions represent terms and conditions of the contract with which the plaintiff must comply. Since summary judgment must be denied, it follows that the subsequent orders, based on the order granting summary judgment, cannot stand. Hopkins, J. P., Titone, Lazer and Cohalan, JJ., concur.