■ SUNLIGHT FUNDING CORP., Appellant, v BARUCH B. SINGER et al., Respondents.—In an action seeking rescission of an agreement amending a contract for the sale of real property and specific performance of the original contract of sale, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated December 18, 1987, as denied that branch of its motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the plaintiff's motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the plaintiff and against the defendants in the principal sum of $412,500.

The plaintiff and the defendant Singer entered a contract for the sale of certain real property located at 2255 Bedford Avenue in Brooklyn. The contract price was $625,000 and closing was scheduled for December 1, 1986. Following the execution of the contract, Singer assigned his contract rights to the defendant Grossinger House Holding, Ltd. The closing was adjourned until December 29, 1986. The parties appeared on this date and were advised by the defendants' title com-

pany that title to the premises had vested with the City of New York by deed dated November 7, 1986, pursuant to an in rem tax proceeding. The parties entered an agreement amending the contract by reducing the purchase price from $625,000 to $375,000. The amendment agreement specifically provided that: "WHEREAS, on such closing day a continuation of title search revealed that title to the premises vested in the City of New York by deed dated November 7, 1986, pursuant to In Rem Action #35, therefore, Seller was unable to convey marketable title to Purchaser on such date". Subsequently, the parties discovered that the title company had erred and, according to a certified chain of title, title never vested with the City of New York.

The plaintiff's complaint states that it is entitled to judgment rescinding the amendment agreement due to the parties' mutual mistake of fact and granting specific performance of the original contract of sale. In support of its motion for summary judgment, the plaintiff asserts that the parties entered the amendment agreement as a result of their mistaken belief that the plaintiff did not possess marketable title and that but for this error the purchase price would not have been reduced. The defendants allege in opposition that the plaintiff "stood to lose a substantial benefit if it could not close in 1986, and therefore offered to reduce the purchase price". The court ruled that outstanding questions of fact prevented its granting the plaintiff's motion. We disagree.

As a general rule, where a mistake in contracting is both mutual and substantial, there is an absence of the requisite "meeting of the minds" to the contract and relief will be provided in the form of rescission (*Coffin v City of Brooklyn,* 116 NY 159; *see, Surlak v Surlak,* 95 AD2d 371, 380; *Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703). In the present case there is no dispute between the parties regarding the title company's misrepresentation. Moreover, the contract amendment clearly indicates that it was the parties' intent to reduce the purchase price because of their mistaken belief that the plaintiff did not possess good title (*see, Chimart Assocs. v Paul,* 66 NY2d 570; *Carvel Corp. v Rait,* 117 AD2d 485). The defendants' claim that the plaintiff had other motives in seeking an expeditious closing, and therefore in entering the amendment agreement, is speculative and insufficient to raise a question of fact regarding the parties' intent in modifying the original contract. Accordingly, the plaintiff was entitled to summary judgment.

Additionally, we find that this dispute can best be remedied

by awarding summary judgment in the principal sum of $412,500 representing the difference between the purchase price and the sum of $212,500 received by the plaintiff pursuant to the amended agreement. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.