■ RICHARD A. LARSEN, Respondent, v G. JOHN POTTER JR. et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the County Court of Warren County (Moynihan Jr., J.), entered August 16, 1989, upon a decision of the court in favor of plaintiff.

In 1984, defendants deeded a parcel of land in the Town of Warrensburg, Warren County, to plaintiff for $12,500, $6,500 of which was to be paid to defendants by plaintiff pursuant to a note and mortgage providing for monthly payments of $102.11. The mortgage provided in part that:

"5. Mortgagor will keep the Property in reasonably good repair.

"6. The Mortgagor may not, without the consent of Mortgagee, (a) alter, demolish or remove the buildings and improvements on the Property * * *

"12. Mortgagee may declare the full amount of the Debt to be due and payable immediately for any default. The following are defaults:

"(a) Mortgagor fails to make any payment required by this Note and Mortgage within 15 days of its due date;

"(b) Mortgagor fails to keep any other promise or agreement in this Note and Mortgage".

Plaintiff thereafter began extensive renovations on a house located on the property. In July 1985, plaintiff arranged for a survey and learned that the property's boundaries differed from those represented by defendants and would thus prevent the intended construction of a garage and workshop. Plaintiff thereafter discontinued the mortgage payments and commenced this action against defendants alleging fraud, misrepresentation and, alternatively, mutual mistake. Plaintiff sought to nullify and rescind the contract, mortgage and deed, as well as recover the down payment, past mortgage payments, taxes and other costs related to the transaction. Defendants' answer included a counterclaim seeking foreclosure on the mortgage because of plaintiff's default in payments thereof as well as breach of the above-referenced mortgage covenants. After a nonjury trial, County Court found the conveyance voidable based on a substantial mutual mistake concerning the boundaries of the property. Judgment was entered in favor of plaintiff awarding him, *inter alia,* $6,000 for return of the down payment and $1,328.23 for other damages, including taxes, insurance, utilities and "a reasonable cost of labor * * * which related to the improvements, albeit incomplete, [plaintiff] undertook". County Court denied, *inter alia,* plaintiff

recovery of $1,837.98 in past mortgage payments, finding such payments to be the fair market rental value for the approximately 18 months occupancy of the property. Defendants now appeal that judgment.

We affirm. County Court properly rescinded the conveyance based on mutual mistake as both parties admitted to a mistaken belief regarding the boundaries of the property *(see, Coffin v City of Brooklyn,* 116 NY 159, 163-164; *see also, Sunlight Funding Corp. v Singer,* 146 AD2d 625, 626; *Ryan v Boucher,* 144 AD2d 144, 145; *D'Antoni v Goff,* 52 AD2d 973; *Barnosky v Petteys,* 49 AD2d 134, 136, *appeal dismissed* 38 NY2d 826, *lv denied* 39 NY2d 708). Contrary to defendants' argument, rescission of the conveyance places the parties back in the same position they were in prior to the contract for sale and the execution of the mortgage *(see, D'Antoni v Goff, supra;* 22 NY Jur 2d, Contracts, § 417, at 338). In our view, given plaintiff's initiation of needed repairs to the property, County Court properly exercised its equitable powers to effectuate that result by rescinding the note and mortgage but allowing defendants to keep all prior mortgage payments as fair market rental value, and denying plaintiff's claims for surveyor's and counsel fees. Finally, we note that plaintiff was not estopped in bringing this action by merger of the contract into the deed as the merger doctrine does not bar a cause of action based on mutual mistake *(see, D'Antoni v Goff, supra; Dunn v Dunn,* 151 App Div 800, 808; 43 NY Jur 2d, Deeds, § 231, at 432).

Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.