■ JACK CAMPO, Respondent, v BOARD OF EDUCATION, BROOK-HAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. TOWN OF BROOKHAVEN, Third-Party Defendant-Respondent-Appellant. [622 NYS2d 66] —In an action, *inter alia,* to rescind a contract, the defendant third-party plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Gerard, J.), entered April 8, 1992, as, upon granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $120,000, and the third-party defendant cross-appeals from so much of the same order and judgment as denied its motion to dismiss the second, third, fourth, and fifth causes of action asserted in the third-party complaint and granted summary judgment to the third-party plaintiff on the second and third causes of action asserted in the third-party complaint.

Ordered that the cross appeal is dismissed for failure to perfect the cross appeal in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant.

The genesis of this action was the purported sale, by the appellant to the plaintiff, of a 30-acre tract of land located in the Town of Brookhaven. The purchase price was based on the existing zoning of "B-1 Residential" and was to be adjusted if the plaintiff successfully pursued a change of zoning to enable the plaintiff to develop the property with condominium residential units. If condominium zoning could not be obtained, then the plaintiff would purchase the property in accordance with the presently zoned "B-1 Residential" classification at a lower price. The plaintiff agreed to diligently pursue the change of zoning and to file the requisite documentation within 120 days of the date of the contract, i.e., July 1, 1986. The closing of title was to take place within six months after the Town determined the plaintiff's application. Further, it was expressly understood and agreed to by the parties that the plaintiff was not obligated to close title "unless the subject premises can be developed in accordance with the normal and usual plottage yield applicable to 'B-1 Residential' property". Because of a covenant restricting the development of this property, which was finally removed on June 12, 1987, the parties modified the date when the 120-day period would commence to run, and the plaintiff filed an application for a change of zone on or about August 3, 1987. The Town denied the application on October 2, 1990. In the interim, on November 15, 1988, the Town, by resolution, changed the zoning classification of the subject premises from "B-1 Residential" to "A-1 Residential".

The Supreme Court found, *inter alia,* that because at the time required for the closing of title the property was zoned "A-1 Residential", this zoning change "vitiates the agreement", permitting the plaintiff to cancel the contract. We agree. The unambiguous language of the contract sets forth the basis of the bargain as the plaintiff's ability to develop the property in accordance with the density permissible in a "B-1 Residential" district. Here, the property had been rezoned "A-1 Residential". When a municipality takes action, after the signing of the contract, which makes the bargain impossible, it would be inequitable to require performance *(Anderson v Steinway & Sons,* 178 App Div 507, *affd* 221 NY 639). This is so even if the municipal action was void because a purchaser

will not be compelled to take property which he or she will be obligated to defend by litigation *(Anderson v Steinway & Sons, supra)*.

We have considered the defendants' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Thompson and Altman, JJ., concur.