■ MIDDLEBURY OFFICE PARK LIMITED PARTNERSHIP, Appellant, v GENERAL DATACOMM INDUSTRIES, INC., Respondent. [670 NYS2d 482] —Order, Supreme Court, New York County (Carol Arber, J.), entered September 16, 1996, which denied plaintiff's motion for partial summary judgment on the third cause of action and granted defendant's cross-motion to stay the action pending resolution of a lawsuit commenced by plaintiff in the United States District Court for the District of Connecticut, unanimously modified, on the law, to the extent that the motion for partial summary judgment on the third cause of action is granted, and the cross-motion for a stay denied as to the first and third causes of action, and otherwise affirmed, with costs payable to plaintiff.

This matter involves a commercial net leasing arrangement between plaintiff-lessor Middlebury and defendant-lessee General Datacomm (GDC) that was subsequently amended to provide GDC a rent reduction in return for its issuance of warrants to purchase its common stock, pursuant to a separate warrant agreement. Specifically, the original lease, executed in 1984, provided for two forms of rent. The first was a scheduled rent, which initially consisted of a fixed amount but which, during the course of the 12-year lease, became an indexation of a fixed amount. The second was "additional rent", which essentially passed on to GDC all costs, expenses or obligations of maintaining the property, such as real estate taxes, utilities, insurance, repairs, etc. The additional rent provisions remained unchanged under any of the three amendments to the lease.

The lease was first amended in 1992, to lower the scheduled rent by eliminating the indexation and lowering the fixed

amount, in consideration for the warrant agreement, which provided for the issuance of warrants by GDC to Middlebury allowing the latter to purchase shares of the former's common stock. The number of warrants issued would be determined by a formula applied to the "net rental savings", the difference between the fixed rent under the original lease and that under the amended lease.

Pursuant to this formulation of the warrant agreement, GDC duly issued warrants to Middlebury in October 1993. Although earlier that year Middlebury had made a claim against GDC for indemnification regarding environmental damages alleged by third parties, which subsequently evolved into a Federal action, lessee GDC did not factor this claim or any other "additional rent" item into the calculation of the number of warrants issued. This was true despite the executions of the first amendment to the warrant agreement just after the environmental claim was made, and the second amendment to the warrant agreement at the time the warrants were issued. Also within this period, the second and third lease amendments were made, further reducing the scheduled rent.

The second amendment to the warrant agreement provides that the "net rental savings" be determined by the difference between what would have been the scheduled annual rent under the original lease and the scheduled annual rent paid as set forth in the second amended lease. GDC, however, declined to issue warrants for 1994 and 1995, claiming that due to the pending environmental indemnification claim, it was unable to calculate the number of warrants to be issued.

We find that the motion court erred in granting the cross-motion to stay this action pending the related action in Federal court. Only plaintiff Middlebury's second cause of action fulfills the requirements for such a stay, since it involves complete identity with the parties, claims and relief sought in the Federal environmental indemnity action (*see, Hope's Windows v Albro Metal Prods. Corp.*, 93 AD2d 711, *appeal dismissed* 59 NY2d 968; *Posados De Puerto Rico v Gruberman*, 203 AD2d 117; *Bridgemarket Assocs. v City of New York*, 190 AD2d 561). Middlebury's other claims address the warrant agreement.

We also find error in the motion court's denial of partial summary judgment to plaintiff on its third cause of action, which seeks specific performance of the second amended warrant agreement with regard to the issuance of warrants for fiscal 1995. GDC's argument that this issue requires an interpretation of the relevant contractual agreements is insufficient to create a triable issue of fact where they are unambiguous. In-

terpretation of unambiguous contracts is a question of law and a proper function of the court on a motion for summary judgment (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291).

Finally, we find that there are triable issues of fact regarding plaintiff's first cause of action seeking damages for breach of the warrant agreement for 1994 and 1995. While defendant's interpretation of the relevant contractual provisions may be rejected as incongruous, improbable and not in accordance with the parties' clear intentions or prior course of dealing, factual questions remain as to whether GDC actually received net rental savings in 1994 and 1995, and as to the existence and amount of damages resulting from the failure to issue warrants for those years. Concur—Sullivan, J. P., Wallach, Williams and Andrias, JJ.