■ Subudh R. Amin, Appellant, v Carousel Foods of America, Inc., et al., Respondents. [704 NYS2d 92] —In an action, *inter alia,* to compel the defendant Carousel Foods of America, Inc., to issue stock certificates to the plaintiff representing five percent ownership in the company, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 11, 1999, which, *inter alia,* denied his motion to preliminarily enjoin the defendants and nonparty Gregg Steinhauser from proceeding to arbitration and to compel issuance of the stock certificates.

Ordered that the order is affirmed, with costs.

The court correctly denied that branch of the plaintiff's motion which was to compel the defendant Carousel Foods of America, Inc. (hereinafter Carousel) to issue stock certificates to him representing five percent ownership in that company. Although the underlying agreement between Carousel and the plaintiff provided that Carousel would issue company stock to the plaintiff, it is ambiguous as to what type or class of stock the plaintiff was to receive. Accordingly, the court providently exercised its discretion in denying the plaintiff specific performance of that portion of the agreement (*see, Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186; *see also, Studio 54 Disco v Pee Dee Jay Amusement Corp.,* 81 AD2d 911; *cf., Middlebury Off. Park Ltd. Partnership v General Datacomm Indus.,* 248 AD2d 313).

The court also properly denied that branch of the plaintiff's motion which was to preliminarily enjoin the defendants and nonparty Gregg Steinhauser from proceeding to arbitration. The plaintiff failed to demonstrate that he would be irreparably harmed in the absence of a preliminary injunction. Thus, the plaintiff was not entitled to injunctive relief (*see,* CPLR 6301; *see generally, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Skaggs-Walsh, Inc. v Chmiel,* 224 AD2d 680).

The plaintiff's remaining contention is without merit. Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.