■ CHATEAU RIVE CORP., Respondent-Appellant, v ENCLAVE DEVELOPMENT ASSOCIATES, Appellant-Respondent. [802 NYS2d 622]—In an action, inter alia, for a judgment declaring that the defendant is obligated to construct a road connecting the plaintiff's property to a public highway, to compel specific performance of a covenant requiring the defendant to construct the road, and to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 14, 2003, as, upon renewal, adhered to a prior determination in an order entered June 24, 1998, granting those branches of the plaintiff's motion which were for summary judgment on its cause of action for declaratory relief and on the issue of liability on its cause of action to recover damages for breach of contract, and, in effect, denied that branch of its motion which was for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the order entered February 14, 2003, as, upon renewal, denied that branch of its motion which was for summary judgment on its cause of action to compel specific performance.

Ordered that the appeal and the cross appeal are dismissed, without costs or disbursements.

The appeal and cross appeal from the order entered February 14, 2003, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal and the cross appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]; *Chateau Rive Corp. v Enclave Dev. Assoc.,* 22 AD3d 447 [2005] [decided herewith]). Schmidt, J.P., Santucci, Rivera and Lifson, JJ., concur.