■ CHATEAU RIVE CORP., Respondent-Appellant, v ENCLAVE DEVELOPMENT ASSOCIATES, Appellant-Respondent. [802 NYS2d 211]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to construct a road connecting the plaintiff's property to a public highway, to compel specific performance of a covenant requiring the defendant to construct the road, and to recover damages for breach of contract, the defendant appeals from (1) two orders of the Supreme Court, Westchester County (Rudolph, J.), both dated June 14, 2004, and (2) a judgment of the same court entered June 9, 2004, which, after a nonjury trial, is in favor of the plaintiff and against it in the sum of $1,821,177, and the plaintiff cross-appeals from the judgment. The appeal and cross appeal from the judgment bring up for review the issues raised on an appeal and cross appeal from an order of the same court (Donovan, J.), entered February 14, 2003 (*see Chateau Rive Corp. v Enclave Dev. Assoc.,* 22 AD3d 445 [2005] [decided herewith]).

Ordered that the appeals from the orders dated June 14, 2004, are dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that the judgment is reversed, on the law, with costs,

the orders dated June 14, 2004, and the order entered February 14, 2003, are vacated, upon renewal, those branches of the plaintiff's motion which were for summary judgment on its cause of action for declaratory relief and on the issue of liability on its cause of action to recover damages for breach of contract are denied, that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted, the complaint is dismissed, and it is declared that the defendant is not obligated to construct the subject road connecting the plaintiff's property to a public highway.

The defendant landowner entered into a written, recorded covenant granting an easement across its property to an adjoining landowner, and obligating it to construct a paved road, with appurtenant utility lines, connecting the adjoining owner's property with a public highway by building the road through an adjacent municipally-owned lot. The plaintiff, which purchased the benefitted parcel, commenced this action for a judgment declaring that the defendant is obligated to construct the road, to compel specific performance of the covenant requiring the defendant to construct the road, and to recover damages to compensate it for losses allegedly incurred as a result of the defendant's breach of the covenant. The Supreme Court initially granted summary judgment to the plaintiff on its causes of action for declaratory relief and specific performance, and judgment as to liability only on its cause of action seeking damages. In a related action, we determined that the municipally-owned lot through which the road was to be built had been impliedly dedicated in 1929 by the City of Peekskill as a public park, known as Fort Hill Park (*see Riverview Partners v City of Peekskill*, 273 AD2d 455 [2000]). Upon renewal, the Supreme Court denied the plaintiff's motion for summary judgment on its cause of action for specific performance, but adhered to its prior decision granting judgment to the plaintiff on its causes of action seeking damages and declaratory relief. The Supreme Court also, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. After a nonjury trial on the issue of damages, the Supreme Court awarded judgment to the plaintiff. We reverse the judgment, and, inter alia, grant that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Public parkland is impressed with a public trust and may not be alienated or diverted to private ownership or non-park use without a special act of the New York State Legislature (*see Friends of Van Cortlandt Park v City of New York,* 95 NY2d 623, 630 [2001]; *Miller v City of New York,* 15 NY2d 34, 37 [1964];

*Incorporated Vil. of Lloyd Harbor v Town of Huntington,* 4 NY2d 182, 190 [1958]; *Williams v Gallatin,* 229 NY 248 [1920]; *Brooklyn Park Commrs. v Armstrong,* 45 NY 234 [1871]; *Matter of Ackerman v Steisel,* 104 AD2d 940 [1984], *affd* 66 NY2d 833 [1985]; *Village of Croton-On-Hudson v County of Westchester,* 38 AD2d 979 [1972], *affd* 30 NY2d 959 [1972]; *Gewirtz v City of Long Beach,* 69 Misc 2d 763 [1972], *affd* 45 AD2d 841 [1974]; 1988 Ops St Comp No. 88-11). Contrary to the plaintiff's argument, highway use is destructive of, and inconsistent with, park use (*see Kupelian v Andrews,* 233 NY 278, 281-282 [1922]; *Matter of Central Parkway,* 140 Misc 727, 729 [1931]; 1982 Ops St Comp No. 82-255; *see also City of Buffalo v Day,* 8 Misc 2d 14 [1957]). Thus, our determination that Fort Hill Park is parkland renders construction of the road impossible (*see Kel Kim Corp. v Central Mkts.,* 70 NY2d 900, 902 [1987]; *Campo v Board of Educ., Brookhaven-Comsewogue Union Free School Dist.,* 211 AD2d 658; *cf. Gimbel Bros. v Brook Shopping Ctrs.,* 118 AD2d 532, 534 [1986]; *Studio 54 Disco v Pee Dee Jay Amusement Corp.,* 81 AD2d 911 [1981]). Therefore, upon renewal, the Supreme Court correctly denied the plaintiff's motion for summary judgment on its cause of action for specific performance. The defendant, however, also established its entitlement to judgment as a matter of law that performance was impossible, and the plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court should have, upon renewal, granted summary judgment to the defendant dismissing the plaintiff's second cause of action (*see Campo v Board of Educ., Brookhaven-Comsewogue Union Free School Dist., supra; Gladsky v City of Glen Cove,* 164 AD2d 567 [1991]).

Moreover, Fort Hill Park "was impressed with a trust the moment title to it vested in the [c]ity" (*Aldrich v City of New York,* 208 Misc 930, 939 [1955], *affd* 2 AD2d 760 [1956]; *see Village Green Realty Corp. v Glen Cove Community Dev. Agency,* 95 AD2d 259, 260 [1983]). Therefore, the defendant is correct that performance was impossible ab initio, and that the covenant was executed under a mutual mistake of fact existing at the time of execution (*see Sunlight Funding Corp. v Singer,* 146 AD2d 625, 626 [1989]; *see also Larsen v Potter,* 174 AD2d 801 [1991]; *Ryan v Boucher,* 144 AD2d 144 [1988]; *cf. Gladsky v City of Glen Cove, supra*). As such, the covenant was voidable, and the Supreme Court erred in holding that the defendant could be declared in breach of the covenant, or held liable in damages for any delay in constructing the road (*see City of New York v Local 333, Mar. Div., Intl. Longshoremen's Assn.,* 79 AD2d 410, 411-412 [1981], *affd* 55 NY2d 898 [1982]; *Fort M Dev. Corp. v Inland Credit Corp.,* 54 AD2d 862 [1976], *affd* 43 NY2d 763 [1977]).

Rather, the defendant established its entitlement to judgment as a matter of law dismissing the first and third causes of action, seeking declaratory relief and damages for breach of contract, respectively, and the plaintiff failed to raise a triable issue of fact in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint.

In light of the foregoing, we do not reach the parties' remaining contentions.

We note that since this is, in part, a declaratory judgment action, the judgment must contain a declaration that the defendant is not obligated to construct the subject road connecting the plaintiff's property to a public highway (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Santucci, Rivera and Lifson, JJ., concur.