■ COUNTY OF ORANGE, Respondent, v JOSCLYNNE GRIER et al., Appellants, et al., Defendants. [817 NYS2d 146]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendants Josclynne Grier and Harriet Grier appeal, as limited by their brief, from stated portions of (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 22, 2004, which, inter alia, granted the plaintiffs' motion, among other things, for summary judgment dismissing their answer and counterclaims and rescinding the purchase agreement and the deeds at issue, and (2) a judgment of the same court entered November 10, 2004, which, upon the order, inter alia, vacated the deeds at issue and dismissed all of their counterclaims.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The appellants' arguments regarding, inter alia, the prima facie entitlement of the plaintiff, County of Orange (hereinafter the County), to summary judgment on the basis of, among other things, mutual mistake, and the merit of the appellants' counterclaims, are not preserved for appellate review, since they were not raised by the appellants in opposition to the County's motion for summary judgment (*see Lumley v Motts*, 1 AD3d 573, 574 [2003]; *Piano 230 N. Corp. v 230 N. Realty*, 304 AD2d 544, 545 [2003]). In any event, the appellants' claims are without merit.

"As a general rule, where a mistake in contracting is both mutual and substantial, there is an absence of the requisite

'meeting of the minds' to the contract and relief will be provided in the form of rescission" (*Sunlight Funding Corp. v Singer*, 146 AD2d 625, 626 [1989]). "The mutual mistake must exist at the time the contract is entered into and must be substantial" (*Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453). The effect of rescission "is to declare the contract void from its inception and to put or restore the parties to *status quo*" (*Schwartz v National Computer Corp.*, 42 AD2d 123, 125 [1973]).

Here, the County established, prima facie, by documentary evidence and the affidavits of the Director of the Real Property Tax Service Agency for the County and a licensed land surveyor, that both the County and the appellants mistakenly believed that the County owned the two purported tax lots at issue, but that the lots actually were, in fact, parts of neighboring properties. The appellants presented no evidence to rebut this showing. Thus, the conveyance of the purported, factitious lots was impossible ab initio, rendering the contract for the sale of the lots voidable (*see Chateau Rive Corp. v Enclave Dev. Assoc.*, 22 AD3d 447 [2005]; *Harris v Uhlendorf*, 30 AD2d 555, 558 [1968], *affd* 24 NY2d 463 [1969]; *see also D'Agostino v Harding*, 217 AD2d 835, 837 [1995]; *Larsen v Potter*, 174 AD2d 801 [1991]; *D'Antoni v Goff*, 52 AD2d 973, 974 [1976]). The Supreme Court, therefore, properly granted summary judgment, inter alia, rescinding the subject deeds.

The Supreme Court properly dismissed the appellants' counterclaims, since they failed to file a notice of claim against the County with respect to their counterclaims (*see Hibbert v Suffolk County Dept. of Probation,* 267 AD2d 205 [1999]). Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.