OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
In this commercial holdover proceeding, landlord claims that the lease expired on June 7, 2005, that tenant remained in possession thereafter as a month-to-month tenant, and that the month-to-month tenancy was terminated effective March 7, 2006. Tenant defends on the ground that the lease provided for an option to extend the term thereof for an additional five years, at an increased rent, and that the lease had in fact been extended. One of tenant’s principals testified at trial that landlord had asked him, when he went to pay the March 2005 rent, if he was “going for the full ride” (i.e., exercising the option), that he had responded that he was, that landlord said “okay,” and that they had subsequently discussed renovations that could be made to the property. Landlord denied that these conversations took place and asserted that the lease required that the option be exercised in writing. It was undisputed that *32 tenant remained in possession for nine months after the initial le'ase had expired, paying an increased rent. After trial, the court dismissed the petition, holding that landlord had waived the requirement that the option be exercised in writing, and that the lease had been “renewed” for an additional five-year term. We affirm.
Real Property Law § 232-c provides that, where a landlord accepts rent for any period after the expiration of a lease, “then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month . . . .” In the circumstances presented, the court could properly credit tenant’s witness’ testimony with respect to his conversation with landlord and could infer therefrom and from the fact that tenant had remained in possession for nine months following the expiration of the lease, paying an increased rent, that landlord had waived the requirement of written notice and that the lease had been expressly or implicitly extended (see Probst v Rochester Steam Laundry Co., 171 NY 584 [1902]; Panagiotopoulos v Ricardelli, 5 Misc 3d 129[A], 2004 NY Slip Op 51288[U] [App Term, 9th & 10th Jud Dists 2004]; see generally Annotation, Waiver or Estoppel as to Notice Requirement for Exercising Option to Renew or Extend Lease, 32 ALR4th 452). Landlord’s contention on appeal that the acceptance of rent after the expiration of the lease did not constitute a waiver of the requirement of written notice, because the lease contained a no-waiver clause, is without merit. The lease’s no-waiver clause, by its terms, applied to breaches of the lease’s covenants, not to a failure to give notice of an intention to extend the lease’s term.
We also reject landlord’s contention, citing Armstrong v Shapiro (207 App Div 304 [1923]), that tenant’s claim that the lease was extended is an equitable counterclaim which cannot be entertained in a summary proceeding. While the Armstrong court held that the interposition of a counterclaim for specific performance of a renewal option was barred in a summary proceeding, tenant here neither requires nor seeks specific performance of an agreement to execute a new lease. Rather, tenant’s claim is cognizable as an equitable defense, which may be entertained in a summary proceeding (RPAPL 743). We note that, subsequent to Armstrong, the Court of Appeals held that generally any facts that can be asserted by way of an equitable counterclaim can be asserted by way of an equitable defense and that “[a]ll that is necessary is that the equities when *33 established be destructive of the plaintiffs right” (Susquehanna S.S. Co. v Andersen & Co., 239 NY 285, 292 [1925]; see 5A Carmody-Wait 2d § 30:56 [“An equitable defense is good as a defense whenever the equities, when established, are destructive of the plaintiffs right, even though the defendant might have used it as a counterclaim”]; see also Jones v Gianferante, 305 NY 135 [1953] [approving of the use in summary proceedings of the practice of relieving against forfeitures of valuable lease terms based on defaults in giving notice of an election to exercise a renewal option]; Paladino v Sotille, 15 Misc 3d 60 [App Term, 9th & 10th Jud Dists 2007] [in a summary proceeding, the court must entertain, as an equitable defense, an occupant’s claim that he is entitled to a life estate based on a constructive trust even though the court cannot grant the occupant affirmative relief]).
Accordingly, we affirm the final judgment dismissing landlord’s petition.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.