OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs, petition reinstated, and matter remanded to the court below for entry of a final judgment awarding landlord possession and use and occupancy, the amount of which is to be determined after a hearing in accordance with the following memorandum.
In this commercial holdover proceeding, landlord alleges that tenants are in possession of the premises, 32 Burling Lane, New Rochelle, as tenants at will and that their tenancy was terminated. Tenants assert that they are in possession only of a portion of the premises pursuant to a 10-year lease, the term of which will not expire until December 2009. Tenants acknowledge that the lease that they rely upon describes the premises demised therein as “65 Grand Street & vacant lot behind 32 Burling Lane A/K/A Block 1204 Lot 028A & Lot 28 BL 1204” and that 32 Burling Lane, the property sought to be recovered, is neither lot 28A, which is the vacant lot, nor lot 28, which is 65 Grand Street. It is undisputed that 32 Burling Lane is lot 30. However, tenants assert, and the court below accepted, that the lease contained an erroneous description and that it was intended that tenants would occupy the garage behind the two-family home on lot 30 as an office from which they would operate a construction business.
At the outset, we note that while the affirmative equitable relief of reformation is beyond the jurisdiction of the City Court to grant in a summary proceeding (RPAPL 743; 3 Dolan, Ra-sch’s Landlord and Tenant — Summary Proceedings § 43:38, at 137-138 [4th ed]; see Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; see generally Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456 [1986]), tenants’ claim is properly asserted in this proceeding by way of an equitable defense (Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; see Lun Far Co. v Aylesbury Assoc., 40 AD2d 794 [1972] [Civil Court has jurisdiction over a defense based on facts which would support a claim for reformation]; see also Susquehanna S.S. Co. v *39 Andersen & Co., 239 NY 285 [1925] [facts entitling a defendant to reformation based on mistake are good as a bar and should have been admitted as an equitable defense]). However, in our view, tenants failed to meet their burden of proof with respect to this equitable defense. In this regard, we note that the rider to the lease, which bears the same date as the lease, describes the “leased premises” as “65 Grand Street and adjacent vacant lot a/k/a Block 1204 Lot 028A & 028” and states that “tenant shall be responsible to pay all taxes on the leased property and on the main home known as 32 Burling Lane.” It is clear from this rider that there was no mistake and that the parties knew that the “leased premises” were separate from the premises at 32 Burling Lane. Consequently, we are of the opinion that tenants failed to establish their equitable defense by a preponderance of the credible evidence. Accordingly, the City Court’s determination is reversed, and final judgment of possession is directed to be entered in favor of landlord.
While landlord is also entitled to use and occupancy, the amount of $3,500 per month represents landlord’s claim for the fair value of use and occupancy for the entire property at 32 Burling Lane. The credible proof established that tenants are in possession only of the garage thereon, which they use as an office. Accordingly, upon remand, the amount of use and occupancy to be awarded to landlord shall be determined by the City Court, following a hearing, based on the value of the space actually occupied by tenants.
McCabe, J.E, Tanenbaum and Molía, JJ., concur.