Cardona, EJ.
Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered April 9, 2007 in Warren County, which, among other things, granted plaintiffs’ motion for summary judgment, and (2) from the judgment entered thereon.
In 2005, plaintiffs entered into a contract of sale to purchase real property from defendant Joan Phillips located at 8 Birch Avenue in the Town of Lake George, Warren County, for $299,000. Plaintiffs retained attorney Bruce Carr as counsel to *858 assist them with the purchase, which was financed through a mortgage issued by defendant Countrywide Home Loans, Inc. A warranty deed for the sale was recorded on April 8, 2005. Subsequent to the closing, plaintiffs became aware of a 1999 deed that Phillips executed and recorded in favor of defendants Stacey A. Mower and Robert L. Mower that appeared to cast doubt on whether Phillips had fee title to the property at the time it was conveyed to plaintiffs.[1]
Thereafter, plaintiffs commenced this action pursuant to RPAPL article 15 asserting various causes of action. Following joinder of issue, plaintiffs moved for summary judgment seeking rescission of the contract of sale based upon mutual mistake. Defendants opposed that relief and Phillips, pursuant to her cross claim, moved for summary judgment against the Mowers. The Mowers cross-moved for permission to amend their answer to add a cross claim against Phillips and to add Carr as a necessary party. Supreme Court, among other things, issued an order granting summary judgment to plaintiffs on their rescission claim and denying Phillips’ motion for summary judgment against the Mowers. The court directed Phillips to return the purchase price of the property to plaintiffs with interest. The court also granted the Mowers’ cross motion to amend their answer and add Carr as a necessary party. Phillips and Countrywide now appeal from the order and the judgment subsequently entered thereon.
Contrary.to defendants’ arguments, we find no basis to disturb Supreme Court’s grant of summary judgment to plaintiffs. Notably, “a conveyance of property based on a mutual mistake is subject to rescission” (Shults v Geary, 241 AD2d 850, 852 [1997]). In order to obtain such relief, it must be shown that the mistake in question is mutual, substantial, material and exists at the time the contract is entered (see County of Orange v Grier, 30 AD3d 556, 556-557 [2006]). “The effect of rescission is to declare the contract void from its inception and to put or restore the parties to status quo” (id. at 557 [citation and internal quotation marks omitted]; see Larsen v Potter, 174 AD2d 801, 802 [1991]).
Here, plaintiffs satisfied their initial burden on this motion by submitting clear and convincing proof that a “mutual *859 mistake existed at the time the contract was entered into and is so substantial that the agreement does not represent a true meeting of the parties’ minds” (Carney v Carozza, 16 AD3d 867, 868-869 [2005]). Significantly, while Phillips opposed plaintiffs’ motion for summary judgment, she does not deny in her affidavit that there was a mistake regarding title of the property stemming from the filing of the 1999 deeds; instead, she argues, among other things, that she should be allowed further time to correct the title problems.[2] As to Mowers and Countrywide, they offered no proof based on first-hand knowledge raising a question of fact sufficient to defeat plaintiffs’ motion for summary judgment. Accordingly, based upon the proof in this record, we find no error in Supreme Court’s grant of summary judgment to plaintiffs (see County of Orange v Grier, 30 AD3d at 557).[3]
Next, we are unpersuaded by Phillips’ contention that Supreme Court erred in denying her motion for summary judgment against the Mowers. While plaintiffs established their entitlement to summary judgment as a matter of law based on the record before us, with respect to the matter of determining the true owner or owners of the disputed property, “the information submitted on appeal raises more questions than it provides answers” (Munzer v St. Paul Fire & Mar. Ins. Co., 145 AD2d 193, 199 [1989]). Accordingly, Supreme Court properly denied summary judgment to Phillips and the factual issues set forth herein must await resolution at trial.
Finally, in view of the grant of summary judgment in plaintiffs’ favor, we agree with Supreme Court that their separate motion to disqualify the law firm engaged by the Mowers has been rendered academic.
The remaining arguments raised by the parties have been examined and found to be unpersuasive.
Carpinello, Rose, Kane and Kavanagh, JJ., concur. Ordered that the order and judgment are affirmed, with one bill of costs.

. Specifically, plaintiffs’ 2005 deed referred to an executor’s deed recorded in the Warren County Clerk’s office on December 30, 1999 that purported to convey the subject premises to Phillips. Plaintiffs later discovered that, on that same day, a separate deed was recorded that appeared to demonstrate that Phillips only had a life estate in the premises and, therefore, could not thereafter convey fee title to plaintiffs.

. We are unpersuaded by Phillips’ contention that resolution of plaintiffs’ summary judgment motion should await the final determination of her dispute with the Mowers over the true ownership of the subject property. Notably, the decisions she cites, Vollbrecht v Jacobson (40 AD3d 1243 [2007]) and Terwilliger v Van Steenburg (33 AD3d 1111 [2006]), were not mutual mistake of fact cases and, given the elements of that cause of action, we see no basis to delay resolution of plaintiffs’ motion herein.

. Our conclusion that plaintiffs established their entitlement to summary judgment on the issue of mutual mistake does not determine Phillips’ actual interest in the subject property and we draw no conclusions as to unresolved matters.