OPINION OF THE COURT
Memorandum.
Final judgment, insofar as appealed from, reversed without costs and petition dismissed as against tenant Nick’s Hideaway, Inc.
In February 2005 landlord and Nick’s Hideaway, Inc. (tenant) entered into a 10-year lease, which contemplated use of the subject premises as a restaurant. The premises had been operated as a restaurant for decades and had a certificate of occupancy as an existing nonconforming use.
Immediately after signing the lease, tenant commenced extensive renovations of the premises, without first seeking a permit for such work. Tenant subsequently submitted an application for a permit. During the town’s review of that application, it was discovered that, approximately 20 years earlier, landlord had expanded the original building, in violation of a zoning rule that a nonconforming use may not be enlarged, and that the extensions did not have a certificate of occupancy. Upon discovering that the premises could not be used as intended,, tenant ceased paying rent.
In January 2007 landlord brought this commercial nonpayment proceeding seeking possession and unpaid rent. As defenses, tenant asserted, among other things, that the lease should be rescinded. After a nonjury trial, the District Court, insofar as relevant to this appeal, awarded landlord possession and $174,713.40 in unpaid rent as against tenant.
While the District Court does not have jurisdiction to grant the affirmative equitable relief of rescission (UDCA art 2; RPAPL 743), the facts alleged in support of tenant’s claim for rescission were properly asserted in this proceeding by way of an equitable defense (see e.g. Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; Hammel v Rodrigues, 19 Misc 3d 37 [App Term, 9th & 10th Jud Dists 2008]).
Mutual mistake will justify rescission where the mistake exists at the time the contract is entered into and the mistake is *107 substantial (see e.g. Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446 [1993]; D’Agostino v Harding, 217 AD2d 835 [1995]; Rekis v Lake Minnewaska Mountain Houses, 170 AD2d 124 [1991]; Larsen v Potter, 174 AD2d 801 [1991]; Sunlight Funding Corp. v Singer, 146 AD2d 625 [1989]). The sole purpose of the transaction in this case was to allow tenant to operate a restaurant at the subject premises, which had been used as a restaurant for many years. At trial, landlord’s principal credibly testified that he was unaware of any zoning problem, and, in essence, believed there would be no problem with tenant operating the premises as planned. Thus, both parties mistakenly believed that the premises could be used as a restaurant, a mistake that was clearly substantial. As such, we find that tenant has established its equitable defense that rescission of the lease is warranted and that, as a consequence, the lease should not be enforced against it.
Accordingly, the final judgment, insofar as appealed from, is reversed and the petition dismissed.