OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by providing that plaintiffs cause of action is dismissed; as so modified, the judgment is affirmed, without costs.
Plaintiff Standard Heat, Inc. commenced this commercial claims action seeking to recover the principal sum of $814.73, which it claimed defendant owed it pursuant to a contract. Defendant counterclaimed to recover the principal sum of $1,723.48, based on allegations that plaintiff had damaged his oil burner by providing faulty service, and had wrongfully terminated its service contract.
At a nonjury trial, plaintiff was represented by its general manager, Fred Mastromarino, who testified that in 2008 the parties had entered into a three-year price protection plan, pursuant to which, in consideration for a price cap on heating oil purchased until September 30, 2009 and a price discount thereafter through September 30, 2011, defendant had agreed to purchase all his home heating oil from plaintiff for the term of the agreement, and had agreed to pay a $750 cancellation charge in the event of his failure to comply with any of “these terms and conditions.” Mr. Mastromarino further asserted that defendant had breached the price protection plan by declining one or more deliveries of home heating oil from plaintiff and by purchasing fewer than 500 gallons of home heating oil per year during the term of the parties’ agreement. Mr. Mastromarino testified that at the time the parties had entered into the price protection plan, he had been aware of defendant’s intention to participate in New York State’s Home Energy Assistance Program (HEAP). He stated that plaintiff was an approved HEAP fuel oil provider.
Defendant testified that he had declined oil deliveries from plaintiff because New York State had granted his application for assistance with his heating bills through HEAP Defendant *84 explained and documented that, even though he had named plaintiff as his heating oil provider on his HEAP application, New York State had designated the O’Connor Fuel Company as defendant’s HEAP heating oil provider under the HEAP program. Defendant further testified that he had never purchased heating oil from the O’Connor Fuel Company; rather, the HEAP program had mailed defendant a two-party check payable to defendant and to the O’Connor Fuel Company, which defendant had endorsed and sent to the O’Connor Fuel Company. He explained that under the HEAP program, he had received a credit with the O’Connor Fuel Company, which thereupon supplied defendant with oil for his burner, and that he had not thereafter accepted fuel deliveries from plaintiff because his fuel needs had been met under the HEAP program. Following trial, judgment was awarded to plaintiff in the principal sum of $750 and the counterclaim was dismissed.
“HEAP is a State supervised program to assist eligible low-income households in meeting the costs of home energy” (18 NYCRR 393.1 [a]; see also Goodwin v Perales, 88 NY2d 383, 389-391 [1996]). Mr. Mastromarino testified that he was aware, at the time that defendant entered into the price protection plan, that defendant intended to apply for HEAP benefits. The price protection plan, which was evidently drafted by plaintiff or its alter ego, AJS Standard Heat, states, in pertinent part: “Customer agrees to purchase all of their fuel oil requirements automatically from AJS Standard Heat.” The District Court concluded that because defendant had obtained heating oil from the O’Connor Fuel Oil Company, he had breached the price protection plan and therefore owed plaintiff a $750 “cancellation charge.”
Upon a review of the record, we find that substantial justice (UDCA 1807-A) requires that the judgment be modified by dismissing plaintiffs cause of action. Under the circumstances presented, the contract was entered into through, at the very least, mutual mistake and should not be enforced. It is clear that the contract was entered into under the understanding that defendant would apply for the HEAP program and that plaintiff would continue to furnish heating oil to defendant thereafter as a HEAP provider. Thus, the parties contemplated that HEAP benefits would be granted, that plaintiff, as a HEAP provider, would continue to supply defendant’s heating oil requirements and that defendant’s successful admission into the HEAP program would not cause a breach of the contract *85 triggering the $750 cancellation charge. Consequently, defendant established an equitable defense to plaintiffs cause of action (see generally Vita v Dol-Fan, III, Inc., 18 Misc 3d 30, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], citing Susquehanna S.S. Co. v Andersen & Co., 239 NY 285, 292 [1925]; see also Dandey Realty Corp. v Nick’s Hideaway, Inc., 24 Misc 3d 105, 106 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
Defendant asserted a counterclaim against plaintiff based on plaintiffs alleged breach of an oil burner service and maintenance agreement. The parties entered into this agreement in connection with the price protection plan. We conclude that since the two agreements are so closely interwoven, for the reasons stated above, defendant cannot seek to enforce this agreement and, thus, is not entitled to obtain damages from plaintiff for its alleged breach of the oil burner service and maintenance agreement.
Accordingly, the judgment is modified by providing that plaintiffs cause action is dismissed.
Nicolai, P.J., Iannacci and Tolbert, JJ., concur.