■ ANTHONY MELIA et al., Respondents, v SALVATORE RIINA, Defendant, and DOMINICK SANTARONI et al., Appellants. [612 NYS2d 506] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Wood, J.), entered March 17, 1992 in Westchester County, which partially denied a motion by defendants Dominick Santaroni and Haven Construction Corporation for summary judgment dismissing the complaint against them.

In April 1986, plaintiffs, Anthony Melia and Marie Melia, entered into a contract with defendant Haven Construction Corporation for the purchase of a parcel of land and the construction of a single-family home located in the Town of Somers, Westchester County. The closing occurred in October 1986. In summer 1988, plaintiffs detected an odor in the backyard and contacted Haven's president, defendant Dominick Santaroni. Santaroni and Anthony Melia observed a "rust spot" in the backyard lawn. The following day, Santaroni returned to the spot, dug down and found a wet area near a tree. He dug down to let it drain Santaroni also installed a

length of pipe in a trench leading from the area near the tree to another area of the property some 35 feet away and backfilled the trench. Everything went well until September 1990 when plaintiffs accepted an offer to sell the house. The prospective purchasers canceled the contract when it was discovered that the septic system was in total failure and leaching septic effluent onto the property.[1]

The septic system had been designed by defendant Salvatore Riina, a licensed engineer. The design was approved by the Westchester County Department of Health (hereinafter DOH) which issued a permit to Haven. The location of the proposed septic system was thereafter changed. In May 1986, DOH issued a certificate of construction compliance for the septic system following certification by Riina.

In November 1990, after their own engineer confirmed the failure of the septic system, plaintiffs commenced an action against Haven, Santaroni and Riina.[2] The complaint alleged negligence, fraud, misrepresentation and intentional infliction of emotional distress against all three defendants, and additional actions against Haven for mistake and breach of contract. Thereafter, upon motions and cross motions for summary judgment, Supreme Court granted defendants partial summary judgment dismissing plaintiffs' actions for negligence and intentional infliction of emotional distress. Santaroni and Haven appeal.

To succeed on a fraud claim, a plaintiff must "demonstrate that the defendant made a false representation which was either known to be untrue or made with reckless disregard of its truth and which was made with the intent to deceive and to induce the plaintiff to part with or refrain from obtaining something of value, thereby causing injury" *(Pappas v Harrow Stores,* 140 AD2d 501, 504; *accord, Hausler v Spectra Realty,* 188 AD2d 722, 723). Plaintiffs admit that Santaroni made no oral representations as to the adequacy of the septic system. They base their fraud and misrepresentation actions on claims that Haven and Santaroni "knowingly constructed an inadequate sewage system" and concealed the true condition of the

---

1. In October 1990, an engineer hired by the proposed purchasers reported his observation of the drainpipe and that it was discharging overflow septic effluent into a trench at the rear of plaintiffs' yard. Plaintiffs allege that at some point following its discovery, Santaroni entered upon their property and removed the pipe.

2. Plaintiffs were subsequently notified by the New York City Department of Environmental Protection that the septic system's failure posed a public health hazard to the municipal water supply.

system. "Nondisclosure of a material fact is tantamount to an affirmative misrepresentation when a party is duty-bound to disclose pertinent information" *(Striker v Graham Pest Control Co.,* 179 AD2d 984, 985, *lv dismissed* 79 NY2d 1040). Even assuming that Santaroni had a duty to disclose material facts about the condition of the property at the time he contracted with plaintiffs, there is no proof in this record that he *knew* that the septic system was inadequate at that time. Plaintiffs' allegations that "[i]t is inconceivable [to them] that Santaroni * * * did not know the true condition of the property and that the septic system should never have been constructed" and that "Santaroni obviously knew the true condition of the property" are conclusory assertions lacking probative value *(see, Hausler v Spectra Realty, supra).* Plaintiffs' reliance on Santaroni's installation of the overflow drainage pipe in 1988 to support their claims is not probative as to what he knew in 1986 when he contracted with them. Accordingly, we conclude that Supreme Court erred by failing to dismiss the fraud and misrepresentation claims.

We find that Supreme Court did not err by failing to grant Haven summary judgment dismissing plaintiffs' claim of mistake as a ground for the equitable relief of rescission. Initially, Haven's assumption that plaintiffs' theory under their mistake claim is limited to *unilateral* mistake is not persuasive. A fair reading of the complaint does not foreclose proof of *mutual* mistake as a ground for rescission. As the Court of Appeals has stated in *Matter of Gould v Board of Educ.* (81 NY2d 446, 453): "Generally, a contract entered into under a mutual mistake of fact is voidable and subject to rescission *(see, Coffin v City of Brooklyn,* 116 NY 159; *Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 159). The mutual mistake must exist at the time the contract is entered into and must be substantial. The idea is that the agreement as expressed, in some material respect, does not represent the 'meeting of the minds' of the parties *(see, Ryan v Boucher,* 144 AD2d 144, 145; *Brauer v Central Trust Co.,* 77 AD2d 239, 243, *lv denied* 52 NY2d 703; *and see, Rosenblum v Manufacturers Trust Co.,* 270 NY 79, 84-85 * * *)." *(See also, Larsen v Potter,* 174 AD2d 801.) Here, as noted by Haven and Santaroni, the septic system's installation was complete before the parties entered into the contract of sale. If it is true, as plaintiffs' expert alleges, that a conventional individual sewage disposal system should never have been constructed on this particular parcel of property, and it is further shown that each party entered into this contract under the belief that the house would be

serviced by an adequate sewage disposal system, then a mutual mistake as to this substantial fact could be demonstrated.

Finally, we find that Supreme Court properly denied summary judgment dismissing plaintiffs' breach of contract claim. The contract between Haven, a builder-vendor, and plaintiffs, new home purchasers, contained an implied term that the house would be constructed in a skillful manner free from material defects *(see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 56-61; *De Roche v Dame,* 75 AD2d 384, 386-387, *lv dismissed* 51 NY2d 821). Under this implied contractual theory, Haven's knowledge of the defect is not, unlike a fraud claim, decisive *(see, Caceci v Di Canio Constr. Corp., supra,* at 56). Santaroni's and Haven's other contentions need not be addressed or are lacking in merit.

Mercure, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Dominick Santaroni and Haven Construction Corporation for summary judgment dismissing plaintiffs' claims for fraud and misrepresentation; motion granted to that extent, summary judgment awarded to said defendants and the fraud and misrepresentation claims are dismissed; and, as so modified, affirmed.