■ ERIC SCHULTZ, Appellant, v TIMOTHY HOURIHAN, Respondent. [656 NYS2d 526] —Peters, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 2, 1996 in Greene County, which, *inter alia*, granted defendant's cross motion for summary judgment.

On February 1, 1988, plaintiff purchased an undeveloped 20.64-acre parcel of land in the Village of Coxsackie, Greene County. On that same day, plaintiff conveyed one half of his interest in such parcel to George Harvey, a licensed real estate broker, as tenant in common, for the express purpose of subdividing such parcel into residential building lots as part of a larger residential development.

To further pursue a subdivision of this parcel, plaintiff and Harvey entered into a contract with the engineering firm of Buckman & Whitbeck, Professional Engineering & Land Surveying, P. C. (hereinafter B & W). On February 14, 1990, B & W prepared an engineering report, predicated on "[plaintiff's] plan[] to develop 20.43 acres of vacant land * * * into 36 residential building lots" and analyzed the impact of such development. In July 1990, after the subdivision plan prepared by B & W was submitted to the Village's Planning Board, it received preliminary approval.

In late 1990 or early 1991, plaintiff, dissatisfied with the costs and pace of the subdivision process, notified Harvey that he sought to sell his interest. Harvey contacted defendant to inquire whether he might be interested. At the initial meeting, defendant claimed that Harvey told him that the subdivision's final approval would be forthcoming and then showed him a map of the 26 proposed lots. Defendant contends that he did workups on cost estimates for either a 28- or 36-lot subdivision and, after a later meeting where plaintiff, defendant and Harvey were present, he agreed to purchase plaintiff's one-half interest.

On April 19, 1991, defendant signed a standard-form

contract, prepared by Harvey, which contained a merger clause. It stated therein that the parties intended to use the parcel for "residential" purposes and only referred to their planned subdivision by the incorporation of the terms of a purchase money mortgage. Such mortgage contained, *inter alia*, a handwritten provision stating that the "[l]ots on subdivision map will be released from mortgage upon payment of $5,000 per lot". Defendant contends that the only subdivision map in existence at that time depicted a 26- to 36-lot development and that, based thereon, he purchased his interest. Plaintiff contends that while there were maps in existence depicting a 26- to 36-lot development, other maps showed a more reduced development. Emphasizing that the purpose of this deal was to subdivide this parcel for an anticipated $100,000 in profit, plaintiff contends that the promise of a specific amount of lots never formed the basis of their contract.

Defendant made the monthly payments required by the contract until May 1993. At such time, while final subdivision approval was pending, the Army Corp of Engineers determined that almost one half of the property, 9.83 acres, was wetlands and could not be developed. While partial payments continued pending further review, such payments ceased in November 1993 when defendant became convinced that no more than 17 lots could be built.

Plaintiff commenced the instant action alleging nonpayment on the note and mortgage. After moving for summary judgment, defendant made a cross motion seeking rescission of the contract due to a mutual mistake of fact or, in the alternative, for reformation. Defendant readily admitted that he never pursued the possibility of developing 17 larger lots and sought no information as to the value or profit which could be generated therefrom as compared to the 26 to 36 smaller lots which he anticipated. Supreme Court granted defendant's cross motion, finding a mutual mistake of fact. Plaintiff now appeals.*

A contract is voidable under the equitable remedy of rescission if both parties entered into the contract under a mutual mistake of fact (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453; *Rekis v Lake Minnewaska Mtn. Houses*, 170 AD2d 124, 130, *lv dismissed* 79 NY2d 851). " 'The mutual mistake must exist at the time the contract is entered into and must be substantial' " (*Melia v Riina*, 204 AD2d 955, 957, *lv dismissed* 85 NY2d 857; *Ryan v Boucher*, 144 AD2d 144, 145), since without a " ' "meeting of the minds" ' " the contract is voidable (*Melia v Riina, supra*, at 957).

---

* Plaintiff did not appeal the denial of his motion for summary judgment.

Upon our review, we find that defendant failed to demonstrate, by clear and convincing evidence (*see, Vermilyea v Vermilyea*, 224 AD2d 759), that both he and plaintiff, through a "meeting of the minds", understood that he was only interested in purchasing an interest in this parcel if it could be successfully subdivided into anywhere between 26 to 36 separate lots. This failure of proof, coupled with a failure to produce any evidence that the profit which could be generated from a 17-lot subdivision would be "substantially" different from the profit which could be generated from a 26- to 36-lot subdivision, precludes us from determining whether there was a mutual mistake of fact. Accordingly, summary judgment was improperly granted (*see, Zuckerman v City of New York*, 49 NY2d 557).

With reformation requiring the proponent to demonstrate, with "evidence of a very high order" (*Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219), that "in no uncertain terms, not only * * * mistake or fraud exists, but exactly what was * * * agreed upon between the parties", we find it clear that defendant was not entitled to an order of reformation (*see, Chimart Assocs. v Paul*, 66 NY2d 570).

Finally, since the only reference to the subdivision map is ambiguous, the merger doctrine will not bar a cause of action based upon mutual mistake of fact (*see, Larsen v Potter*, 174 AD2d 801) where the parties will be permitted to introduce parol evidence (*see, Brandwein v Provident Mut. Life Ins. Co.*, 3 NY2d 491).

Declining to review the remaining issues raised for the first time on appeal (*see, Gunzburg v Gunzburg*, 152 AD2d 537), we modify the order of Supreme Court by reversing so much thereof as granted defendant's cross motion for summary judgment.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.