▇▇ PAUL M. GOULD, Respondent, v ANTHONY C. SYRACUSA et al., Appellants. [677 NYS2d 854] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking to recover damages for defendants' alleged breach of contract and fraud in connection with plaintiff's purchase of a single-family residence from defendants. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Defendants failed to meet their initial burden of establishing as a matter of law that they did not breach the warranties in the contract of sale that the septic system was "in good working order" (*see, Joseph v Creek & Pines,* 217 AD2d 534, 535, *lv dismissed* 86 NY2d 885, *lv denied* 89 NY2d 804) and that the property was "in full compliance with * * * all building ordinances" (*see, Davis v Weg,* 104 AD2d 617, 619; *Moral Six Corp. v Margold Assocs. Co.,* 79 AD2d 702). In addition, defendants submitted no proof that they fulfilled their contractual obligation to complete the vinyl siding prior to closing.

Defendants further failed to demonstrate their entitlement to judgment dismissing the fraud cause of action. Contrary to defendants' contention, plaintiff does not rely upon defendants'

mere silence to support that cause of action (*cf., Melia v Riina,* 204 AD2d 955, 956, *lv dismissed* 85 NY2d 857; *London v Courduff,* 141 AD2d 803, 804, *lv dismissed* 73 NY2d 809). Rather, plaintiff alleges that defendants knowingly and affirmatively misrepresented the condition of the septic system with the intent to deceive him (*see, Pappas v Harrow Stores,* 140 AD2d 501, 504). Plaintiff further alleges that defendants actively concealed the defects of the septic system and thwarted his ability to discover its true condition by draining the system prior to his inspection (*see, Tahini Invs. v Bobrowsky,* 99 AD2d 489; *see also, Striker v Graham Pest Control Co.,* 179 AD2d 984, 985, *lv dismissed* 79 NY2d 1040). Thus, the evidence submitted by defendants in support of the motion fails to show that the fraud cause of action has no merit (*see,* CPLR 3212 [b]). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.