■ 527 SMITH STREET BROOKLYN CORP., Appellant, v BAYSIDE FUEL OIL DEPOT CORPORATION, Respondent, et al., Defendants. [691 NYS2d 560] —In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated February 4, 1998, which granted the motion of the defendant Bayside Fuel Oil Depot Corporation to dismiss the complaint insofar as asserted against it and denied its cross application for leave to replead.

Ordered that the order is affirmed, with costs.

As a general rule, the provisions of a contract for the sale of real property are merged in the deed and, as a result, are extinguished upon the closing of title. However, this rule does not apply where there is a clear intent evidenced by the parties that a particular provision will survive delivery of the deed or where there is a collateral undertaking (*Goldsmith v Knapp*, 223 AD2d 671; *Ting-Wan Liang v Malawista*, 70 AD2d 415). The exceptions to the merger doctrine are not applicable to the facts of this case. The instant real estate contract does not provide that the clause regarding the purchase price survive delivery of the deed and does not contain a provision for any post-closing adjustment. In addition, the purchase price is an integral part of the real estate transaction, and not a collateral undertaking (*see, e.g.,* General Obligations Law § 5-703 [2]). Accordingly, the Supreme Court properly determined that the

plaintiff's claim that the defendant Bayside Fuel Oil Depot Corporation did not fully pay the purchase price is barred by the doctrine of merger.

Where as here, the terms of a real estate contract are unambiguous, evidence outside the four corners of the document is inadmissible to add to or vary the writing (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162).

CPLR 3211 (e) provides in pertinent part that "leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action". The evidence should be in the form of affidavits of those with direct knowledge of the facts. Insofar as the plaintiff's application for leave to replead was submitted in the context of an attorney's affirmation, the requisite proof is lacking (*see, Scaccia v Mack Trucks,* 83 AD2d 903). Accordingly, leave to replead was properly denied. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.