JOSEPH LaMARCA, Appellant, v CATHERINE L. KISSELL, Respondent. [702 NYS2d 490] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the amended complaint in this action seeking reformation of an opting-out agreement stipulated to by the parties on July 29, 1992 and incorporated into a judgment of divorce. Plaintiff asserts that both parties agreed that defendant would receive a share of plaintiff's monthly retirement pension, then in "pay status", as calculated pursuant to the formula set forth in *Majauskas v Majauskas* (61 NY2d 481). Plaintiff asserts that, although the parties stipulated that the *Majauskas* share would amount to $1,000 per month, the correct application of the formula results in a share of $404 per month. Defendant does not refute those assertions, but instead asserts that she entered into the agreement based on her understanding that she would receive $1,000 per month from plaintiff's pension.

A party seeking reformation must establish by clear and convincing evidence "not only that [mutual] mistake * * * exists, but exactly what was really agreed upon between the parties" (*Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219; *see, Chimart Assocs. v Paul*, 66 NY2d 570, 573-574; *Nash v Kornblum*, 12 NY2d 42, 46; *Schultz v Hourihan*, 238 AD2d 818, 820). Here, the record establishes that defendant agreed to the $1,000 per month pension share as part of a stipulated settlement in which other substantial marital assets were allocated between the parties and in which defendant waived child support, waived maintenance unless plaintiff's earned income reached $25,000, and waived any interest in plaintiff's consulting business. Under those circumstances, it cannot be said that "what was really agreed upon between the parties" differs from defendant's interpretation of the agreement (*Backer Mgt. Corp. v Acme Quilting Co., supra*, at 219; *see, Chimart Assocs. v Paul, supra*, at 574-575; *Schultz v Hourihan, supra*, at 820; *cf., Nash v Kornblum, supra*, at 46-47).

Even assuming, arguendo, that there is an issue of fact with respect to reformation, we conclude that defendant is entitled to dismissal of the amended complaint on the ground of ratification. Having accepted the benefits of the agreement for 3½ years before attacking its validity, plaintiff is deemed to have ratified it (*see, Reader v Reader*, 236 AD2d 829; *Luce v Luce* [appeal No. 2], 213 AD2d 978, 978-979; *Surlak v Surlak*, 95 AD2d 371, 388). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present— Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.