■ KENNETH ROTHSTEIN et al., Appellants-Respondents, v EQUITY VENTURES, LLC, Respondent-Appellant, CHRISTOPHER YAROSCAK et al., Respondents, et al., Defendants. [750 NYS2d 625] —In an action, inter alia, to recover damages for breach of contract, breach of warranty, fraud, and negligence, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 14, 2001, as granted those branches of the motion of the defendants Equity Ventures, LLC, Christopher Yaroscak, and Thomas Yaroscak which were for summary judgment dismissing the complaint insofar as asserted against the defendants Christopher Yaroscak and Thomas Yaroscak, and dismissing the plaintiffs' causes of action to recover damages for breach of warranty, fraud, and negligence insofar as as-

serted against the defendant Equity Ventures, LLC, and the defendant Equity Ventures, LLC, cross-appeals from so much of the same order as denied that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against it.

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against the defendant Equity Ventures, LLC, is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Equity Ventures, LLC, Christopher Yaroscak, and Thomas Yaroscak.

In August 1997 the plaintiffs entered into a contract to purchase a newly-constructed single-family residence in Armonk from the defendant Equity Ventures, LLC (hereinafter Equity). At the closing in November 1997, Equity provided the plaintiffs with a limited warranty for latent defects caused by defective design, workmanship, materials, and/or installation. The warranty also set forth the steps the plaintiffs would be required to follow in the event they wished to make a claim for damages.

In August 1999, over one year after the closing, a heavy rainfall left water accumulation in the plaintiffs' basement. Equity agreed to remedy the problem by making minor repairs to the foundation of the premises. About one month later, the plaintiffs' basement was flooded by rain from a major hurricane. The plaintiffs notified Equity of the flooding, but did not follow the claims procedure set forth in the limited warranty. When Equity was unable, within 48 hours, to devise a solution to the drainage problem in the plaintiffs' basement which the plaintiffs deemed acceptable, the plaintiffs hired an outside contractor. The outside contractor allegedly advised the plaintiffs that the drainage and septic systems in the house were defective, and replaced those systems.

The plaintiffs subsequently commenced this action against several parties, including Equity and two of its individual managing members, Christopher Yaroscak and Thomas Yaroscak, seeking damages, inter alia, for fraud, negligence, breach of contract, and breach of warranty. The Yaroscaks and Equity then moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme

Court granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the Yaroscaks, and the breach of warranty, fraud, and negligence causes of action insofar as asserted against Equity.

The plaintiffs contend that the Supreme Court erred in dismissing their fraud and negligence causes of action against the Yaroscaks, as those defendants may be held personally liable for torts committed in the performance of their duties for Equity. We agree that members of limited liability companies, such as corporate officers, may be held personally liable if they participate in the commission of a tort in furtherance of company business (see W. Joseph McPhillips, Inc. v Ellis, 278 AD2d 682, 684; Westminster Constr. Co. v Sherman, 160 AD2d 867; Widlitz v Scher, 148 AD2d 530). Here, however, after the Yaroscaks and Equity established their prima facie entitlement to judgment as a matter of law, the plaintiffs did not state a viable cause of action to recover damages for fraud against the Yaroscaks, as they failed to allege that those defendants knowingly made any false representations which induced the plaintiffs to purchase the house (see Rosenbaum v Boulder Ridge Homeowners Assn., 276 AD2d 615; Matter of Owl Protective Co. v Feinberg, 3 AD2d 340; Melia v Riina, 204 AD2d 955). In addition, neither Equity nor its individual members may be held liable on a tort theory of negligence because the plaintiffs' allegations that the drainage and septic systems were improperly constructed sound in breach of contract rather than tort (see Merritt v Hooshang Constr., 216 AD2d 542; 431 Conklin Corp. v Rice, 181 AD2d 716).

Furthermore, the Supreme Court properly dismissed the plaintiffs' fraud cause of action insofar as asserted against Equity. After Equity sustained its initial burden of demonstrating its entitlement to judgment as a matter of law on the fraud cause of action, the plaintiffs failed to raise a triable issue of fact that Equity knew of any alleged defects in the drainage or septic systems before the sale of the house which it failed to disclose, or that Equity made any particular misrepresentations which would support a claim of fraudulent inducement (see Melia v Riina, supra; County of Westchester v Welton Becket Assoc., 102 AD2d 34).

The Supreme Court also properly dismissed the cause of action against Equity to recover damages for breach of the limited warranty agreement. It is undisputed that the plaintiffs failed to provide Equity with written notice of their claim, which was a condition precedent under the warranty for the commence-

ment of an action (*see Pinkus v V.F. Bldrs.,* 270 AD2d 470; *Fumarelli v Marsam Dev.,* 238 AD2d 470, *affd* 92 NY2d 298).

We further find that the Supreme Court should have dismissed the cause of action against Equity to recover damages for breach of contract, which was predicated upon the allegation that Equity breached the parties' contract of sale by failing to construct a house with adequate drainage and septic systems. Once title to the property closed and the deed was delivered to the plaintiffs, any claims they may have had arising from the contract of sale were extinguished by the doctrine of merger (*see Crowley Mar. Assoc. v Nyconn Assoc.,* 292 AD2d 334; *Dourountoudakis v Alesi,* 271 AD2d 640).

The plaintiffs' remaining contentions are without merit. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.