■ KORY IRUSHALMI, Plaintiff, v MARCI OSTROFF, Respondent, et al., Defendants. EDWARD LEMMO, P.C., Nonparty Appellant; CLEMENT BOTTINO, Nonparty Respondent. [795 NYS2d 752]—

In an action to recover damages for medical malpractice, nonparty Edward Lemmo, P.C., the plaintiff's current attorney, appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), dated August 11, 2004, as granted that branch of the motion of the defendant Marci Ostroff which was to fix payment of a judgment against her in light of a restraining notice issued by nonparty Clement Bottino against the attorney's fee in this action and (2) an order of the same court dated August 16, 2004, as, upon the order dated August 11, 2004, directed the defendant Marci Ostroff to pay the sum of $6,596.69 to nonparty Clement Bottino and the remainder of the judgment to the plaintiff, and, in effect, denied its cross motion, inter alia, for payment of its attorney's fee and disbursements.

Ordered that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The nonparty appellant, Edward Lemmo, P.C., was the attorney for the plaintiff during the trial of this medical malpractice action. The jury found in favor of the plaintiff and against the defendant Marci Ostroff and awarded damages. Prior to payment of the judgment, Ostroff received a restraining notice and information subpoena from nonparty Clement G. Bottino. Bottino is a judgment creditor of nonparty Mangiatordi, Maher & Lemmo, LLC. Bottino argued that Mangiatordi, Maher & Lemmo, LLC, was the same entity as Maher & Lemmo, LLC, former counsel for the plaintiff in this action. Thus, Bottino sought to execute his judgment against any attorney's fee to be awarded Maher & Lemmo, LLC. Ostroff moved for a stay of the medical malpractice judgment and sought direction from the Supreme Court as to whom payment should be made. The appellant cross moved, inter alia, for a hearing to determine the apportionment of the attorney's fee among the attorneys who provided legal services to the plaintiff (which included Maher & Lemmo, LLC) and for payment to it of its share of the fee and disbursements. The appellant asserted that it had done the majority of the work on the case after it was substituted as counsel for the plaintiff when Maher & Lemmo, LLC, went out of business. Further, the appellant argued, it was a separate and distinct entity from both Mangiatordi, Maher & Lemmo, LLC, and Maher & Lemmo, LLC, and could not be held liable for the debt of either. The Supreme Court directed that the entire attorney's fee be paid to Bottino to satisfy his judgment. We reverse.

Bottino's judgment is against Mangiatordi, Maher & Lemmo, LLC, not the appellant. Further, although Bottino argued that Mangiatordi, Maher & Lemmo, LLC, and Maher & Lemmo, LLC, were the same entity, he did not argue that there was any relevant relationship between the appellant and either Mangiatordi, Maher & Lemmo, LLC, or Maher & Lemmo, LLC, or that there were any other relevant circumstances, such as fraud, that would support enforcement of his judgment as against the appellant. That Edward Lemmo was or is a member of all three entities is insufficient (*see* Limited Liability Company Law § 609 [a]; *Rothstein v Equity Ventures*, 299 AD2d 472 [2002]). Thus, the court erred in directing the entire attorney's fee be paid to Bottino. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for an apportionment of the fee and disbursements and payment to the appellant of its share of the same. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.