■ ROBERT GUMENICK et al., Appellants, v CHRISTOPHER ARVIDSON, Respondent, et al., Defendants. [940 NYS2d 607]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered October 25, 2011, dismissing the complaint pursuant to an order, same court and Justice, entered October 14, 2011, which denied plaintiffs' motion for summary judgment in their favor and granted defendant Arvidson's cross motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the judgment vacated.

Plaintiffs' claims under the "Punch List" attached to the contract do not survive the closing on the property because the contract provided that none of its provisions survived the closing unless otherwise stated, and the contract did not exempt the Punch List from the no-survival provision (*see Rothstein v Equity Ventures*, 299 AD2d 472, 475 [2002]).

However, the complaint states valid claims pursuant to General Business Law article 36-B and tort claims as to work performed subsequent to the closing. The housing merchant implied warranty, expressly incorporated into the contract, survived the closing (*see* General Business Law § 777-a [1]). The subject property was a "new home" for purposes of the statute because it was undisputedly a single-family house not lived in by the builder or leased for three continuous years (General Business Law § 777 [5]).

Triable issues of fact exist as to whether defendant breached

the implied warranty in that the home contained "material defects" within the meaning of General Business Law § 777 (4) and § 777-a (2). Further, triable issues of fact exist as to whether defendant's agents negligently repaired the premises subsequent to the closing, resulting in damage. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.