Judgment, Supreme Court, New York County (Barbara R. Kapnick, J), entered June 25, 2012, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 12, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant contends that New York City Zoning Resolution § 12-10 bars all of plaintiffs claims because it excludes “floor space used for mechanical equipment” from “floor area.” However, the Zoning Resolution does not define “floor space used for mechanical equipment” (cf. Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 101 [1997] [Zoning Resolution defines “cellar space,” which is also excluded from “floor area”]). An engineer employed by the New York City Department of Buildings has opined that “floor space for housing telephone switching equipment for business operation and not for the building’s mechanical system . . . will not qualify for mechanical space and therefore should not be exempt from zoning floor area.” However, this is not a final agency determination. Thus, the motion court correctly found that the definition of floor space used for mechanical equipment “demands administrative determination in the first instance” (2012 NY Slip Op 51142[U], *6 [2012]).
The court correctly dismissed the first through fourth causes of action (fraud and negligent misrepresentation) because plaintiff did not establish justifiable reliance, due to its failure to use ordinary intelligence to ascertain the truth of defendant’s representations (see e.g. Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 278-279 [2011]; 1537 Assoc. v Kaprielian Enters., 259 AD2d 447 [1st Dept 1999]). This rule is not limited to parties that are contracting for the first time (see Centro, 17 NY3d at 272-274, 278-279). Assuming, arguendo, that plaintiff is not a sophisticated investor, it cites no precedential authority for the proposition that only sophisticated investors have a duty to investigate.
Unlike DDJ Mgt., LLC v Rhone Group L.L.C. (15 NY3d 147 [2010]) and CIFG Assur. N. Am., Inc. v Goldman, Sachs & Co. (106 AD3d 437 [1st Dept 2013]), on which plaintiff relies, the case at bar does not involve a written representation, as plaintiff concedes (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., *531 106 AD3d 494, 494, 496 [1st Dept 2013], appeal dismissed 22 NY3d 909 [2013]; HSH Nordbank AG v UBS AG, 95 AD3d 185, 198 n 9 [1st Dept 2012]).
We turn now to the contract claims. In the parties’ July 31, 2007 deed, plaintiff conveyed certain property to defendant. In the contemporaneous Zoning Lot Development and Easement Agreement (ZLDA), defendant conveyed certain property to plaintiff. Since the deed did not cover conveyances from defendant to plaintiff, section 2 (b) of the ZLDA, in which defendant conveyed 246,407 square feet of floor area to plaintiff, did not merge into the deed (see Schoonmaker v Hoyt, 148 NY 425, 429-430 [1896]). Section 6 (a) of the ZLDA, in which defendant agreed not to sell any of plaintiffs 246,407 square feet of floor area, did not merge into the deed because that obligation could not be performed until after the conveyance (see White v Long, 204 AD2d 892, 894 [3d Dept 1994], mod on other grounds 85 NY2d 564 [1995]). By contrast, the 1972 agreement in which plaintiff agreed to sell defendant the real estate at issue, as amended in 2007, merged into the deed.
Plaintiff contends that the 1972 contract contained obligations collateral to the transfer of real property. However, the amount of floor space allotted to defendant is not a collateral matter but an aspect of the conveyance of property from plaintiff to defendant that is related to the nature or extent of the property to be conveyed (see Novelty Crystal Corp. v PSA Institutional Partners, L.P., 49 AD3d 113, 117 [2d Dept 2008]; see also Cordua v Guggenheim, 274 NY 51, 57 [1937]).
Plaintiff also contends that the 1972 agreement contained obligations that the parties intended to continue after the deed was issued. However, while the 1972 contract provides that various sections constitute covenants running with the land, it does not say that the limitations on the size of defendant’s building will run with the land (see 527 Smith St. Brooklyn Corp. v Bayside Fuel Oil Depot Corp., 262 AD2d 278 [2d Dept 1999]).
The fraud exception to the merger doctrine (see Woodworth v Delgrand, 174 AD2d 1011 [4th Dept 1991]) does not apply because plaintiffs fraud claims were correctly dismissed.
In its present state, the amended complaint does not specify which provisions of the ZLDA defendant breached; hence, the ninth cause of action (for breach of the ZLDA) was correctly dismissed (see 767 Third Ave. LLC v Greble & Finger, LLP, 8 AD3d 75 [1st Dept 2004]; Kraus v Visa Intl. Serv. Assn., 304 AD2d 408 [1st Dept 2003]).
Contrary to defendant’s contention, plaintiff is not equitably *532 estopped from suing defendant for breach of the ZLDA (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]).
The court correctly dismissed the fifth and sixth causes of action, for unjust enrichment with respect to the Overbuilt Zoning Space (as defined in the complaint), as duplicative of plaintiffs contract claims (see e.g. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). The whole concept of Overbuilt Zoning Space depends on the contracts. The complaint alleges, “Upon information and belief, the Verizon Building exceeds the Floor Area contractually and legally allocated and available to Verizon (such excess Floor Area utilized by the Verizon Building is referred to as the ‘Overbuilt Zoning Space’)” (emphasis added).
Plaintiff contends that its unjust enrichment claims should not have been dismissed as duplicative of its contract claims because it was fraudulently induced into entering the various contracts between itself and defendant.
However, we have found that plaintiff’s fraud claims were correctly dismissed. Concur — Mazzarelli, J.P, Andrias, DeGrasse and Clark, JJ.