■ BURLINGTON INSURANCE COMPANY, Respondent, v CLEARVIEW MAINTENANCE & SERVICES, INC., Appellant. [56 NYS3d 135]—

In an action to recover unpaid insurance premiums, the defendant appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated March 16, 2015, which granted the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendant's counterclaims.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendant's counterclaims is denied, without prejudice to renewal upon the completion of discovery.

The defendant is a roofing company. The plaintiff is an insurance brokerage firm "in the business of property and casualty insurance." The plaintiff furnished two commercial general liability policies to the defendant. Each of the policies issued contained a premium audit provision, providing for an audit and adjustment of the premium after the end of the policy term based upon the gross receipts of the insured. With respect to the first policy, the premium was $158.3340 per every $1,000 of the defendant's gross receipts. The defendant estimated its gross receipts to be $300,000, resulting in an advance premium of $47,500. The amount of the premium for the second policy was based on a rate of $175 per every $1,000 of the defendant's gross receipts. Again, the defendant estimated its gross receipts to be $300,000, resulting in an advance premium of $52,500.

At the end of the policy term, the audit for the first policy computed the defendant's gross receipts to have been $1,693,441, resulting in an actual earned premium of $268,129. After crediting the defendant for the advanced premium previously paid, and adding certain fees, $229,012.90 of that sum remained unpaid. When the defendant did not comply with the

plaintiff's demand for the additional payment, the plaintiff commenced this action against the defendant to recover that unpaid premium, plus interest, costs, and disbursements. The complaint was later amended to add a cause of action to recover unpaid premiums in the sum of $43,792.18 relating to the second policy. The defendant asserted counterclaims alleging that the plaintiff "induced" the defendant to procure insurance by offering a low advance premium, that the low advance premium was simply a "bait and switch" tactic utilized by the plaintiff with full knowledge that it would use the audit process to increase the amount of the premium, and that the plaintiff's conduct was fraudulent, and violated General Business Law § 349.

The plaintiff moved for summary judgment on the amended complaint and dismissing the counterclaims. In support of the motion, it submitted an affidavit from its accounts receivable and collections manager, the insurance policies, and the audit statements. In opposition to the motion, the defendant submitted the affidavit of its president, Mojsi Marke, who averred that the defendant both performed roofing work, and sold roofing materials. Marke stated that he had contacted Najeeb Cabbad, a person who he had understood to be an agent of the plaintiff, seeking insurance for the portion of the business that did roofing work, and not for that portion of the business which sold roofing material. Marke averred that the gross sales number of $1,693,441 included "work other than roofing work," specifically sales of material only, without any roofing or installation labor. The defendant's attorney stated in an affirmation in opposition to the motion that the action was still "in the very early stages and minimal document discovery had been exchanged." The order appealed from granted the plaintiff's motion and directed entry of judgment in its favor.

The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the amended complaint without prejudice to renewal upon the completion of discovery. Although the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting the subject insurance policies, the audit statements, and the affidavit of its accounts and receivable collections manager (see e.g. Burlington Ins. Co. v Casur Corp., 123 AD3d 965 [2014]), in opposition, the defendant raised a triable issue of fact. The defendant submitted the affidavit of Marke, who averred that when the defendant applied for coverage with the plaintiff, it was only seeking coverage for that portion of its business that performed roofing work, and not for that portion

of its business which sold roofing material. This raised a triable issue of fact, as the policies do not define key terms such as "exposure" and "gross sales," and the audit statements and the affidavit of the accounts and receivable collections manager do not explain how the auditor arrived at the "audit exposure" amounts.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the counterclaim alleging fraudulent inducement by arguing that it is not responsible for any negligence or misstatement made by Cabbad, whom it describes as the defendant's insurance broker. "In general, an insurance broker is considered the agent of the insured, not the insurance company . . . . However, a broker will be held to have acted as the insurer's agent where there is some evidence of action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred" (*Matter of Temple Constr. Corp. v Sirius Am. Ins. Co.*, 40 AD3d 1109, 1111 [2007] [citations and internal quotation marks omitted]). In opposition to the motion, the defendant raised a triable issue of fact on this issue with the affidavit of Marke, who stated that he understood Cabbad to be an agent of the plaintiff.

To prevail on its counterclaim to recover damages for deceptive business practices under General Business Law § 349, the defendant is required to show that the plaintiff engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented, and that the defendant suffered an injury as a result of the deceptive act or practice (*see Valentine v Quincy Mut. Fire Ins. Co.*, 123 AD3d 1011, 1015 [2014]). The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing this counterclaim by showing that it did not engage in acts or practices that were deceptive or misleading in a material way when it issued its policies, since it did not submit any evidence negating this claim. The plaintiff's remaining contentions are without merit (*see Polonetsky v Better Homes Depot*, 97 NY2d 46 [2001]; *Lang v First Am. Tit. Ins. Co.*, 2012 WL 5221605, 2012 US Dist LEXIS 151579 [WD NY, Oct. 22, 2012, No. 12-CV-266S]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendant's counterclaims. However, since the defendant acknowledged that summary judgment was premature, and further discovery may lead to relevant evidence on issues including whether the plaintiff's business practices have been investigated by federal or state agencies and the results of any such investigations, and Cab-

bad's relationship with the parties, the denial of summary judgment should be without prejudice to renewal upon the completion of discovery. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.