Guoba v Sportsman Props., Inc. (2021 NY Slip Op 06677)





Guoba v Sportsman Props., Inc.


2021 NY Slip Op 06677


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2017-11859
 (Index No. 2936/10)

[*1]Pius R. Guoba, Jr., et al., appellants, 
v
Sportsman Properties, Inc., et al., respondents, et al., defendants.


Frederick K. Brewington (Bergstein & Ullrich, LLP, New Paltz, NY [Stephen Bergstein], of counsel), for appellants.
Rosenberg Calica & Birney LLP, Garden City, NY (William J. Birney of counsel), for respondents Sportsman Properties, Inc., Property Management, Inc., and Suzanne Richter, as executrix of the estate of Barry Richter, deceased.
Frankini & Harms, Garden City, NY (James R. Pieret of counsel), for respondent Doreen Pizzicorala, as administrator of the estate of Frank Pizzicorala, deceased.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, negligence, and violations of General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated September 18, 2017. The order, insofar as appealed from, granted the motion of the defendants Sportsman Properties, Inc., Property Management, Inc., and Suzanne Richter, as executrix of the estate of Barry Richter, deceased, for summary judgment dismissing the second amended complaint insofar as asserted against them, and granted that branch of the cross motion of the defendant Doreen Pizzicorala, as administrator of the estate of Frank Pizzicorala, deceased, which was for summary judgment dismissing the second amended complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Sportsman Properties Inc., Property Management, Inc., and Suzanne Richter, as executrix of the estate of Barry Richter, deceased, which was for summary judgment dismissing the sixth cause of action insofar as asserted against the defendant Sportsman Properties, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Doreen Pizzcorala, as administrator of the estate of Frank Pizzicorala, deceased, payable by the plaintiffs.
This action arises out of a contract between the defendant Sportsman Properties, Inc. (hereinafter SP), and the plaintiffs for the sale of a newly constructed single-family house in Freeport. The plaintiffs allege that in entering into the contract of sale, they were misled by SP's agents, including Barry Richter, who was the president of SP, into believing that the house was well built, and that after the closing, the plaintiffs discovered numerous significant defects in the construction of the house, and that the defendants refused to take proper measures to repair the defects.
In the second amended complaint, the plaintiffs seek to recover damages for breach of contract, intentional misrepresentation and fraudulent concealment, fraud in the inducement, breach of the implied covenant of good faith and fair dealing, negligence, and violations of General Business Law § 349, against SP, Suzanne Richter, as executrix of the estate of Barry Richter, deceased, and Property Management, Inc. (hereinafter PMI), a company of which Barry Richter was president and owner, among others. The cause of action alleging negligence is also asserted against Doreen Pizzicorala, as administrator of the estate of Frank Pizzicorala, deceased; Frank Pizzicorala performed some of the framing and other construction work on the subject property.
After discovery was complete and the matter was certified for trial, SP, Suzanne Richter, and PMI (hereinafter collectively the SP defendants) moved for summary judgment dismissing the second amended complaint insofar as asserted against them. Doreen Pizzicorala cross-moved, inter alia, for summary judgment dismissing the second amended complaint insofar as asserted against her. In an order dated September 18, 2017, the Supreme Court granted the SP defendants' motion and that branch of Doreen Pizzicorala's cross motion. The plaintiffs appeal.
The Supreme Court properly granted that branch of the SP defendants' motion which was for summary judgment dismissing the first cause of action, alleging breach of contract, insofar as asserted against them. "[T]he provisions of a contract for the sale of real property are merged in the deed and, as a result, are extinguished upon the closing of title" (527 Smith St. Brooklyn Corp. v Bayside Fuel Oil Depot Corp., 262 AD2d 278, 278), unless there is a "clear intent evidenced by the parties that a particular provision will survive delivery of the deed or where there is a collateral undertaking" (id. at 278; see Rothstein v Equity Ventures, 299 AD2d 472, 473). To the extent that the breach of contract cause of action is predicated upon a purported contractual promise to perform certain repairs prior to closing, such claims are barred by the doctrine of merger (see Rothstein v Equity Ventures, 299 AD2d at 475). To the extent that the plaintiffs purportedly alleged a cause of action for breach of limited warranty, the SP defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing that cause of action on the ground that the plaintiffs failed to follow the necessary procedures set forth in the warranty for filing a claim (see id. at 474; Pinkus v V.F. Bldrs., 270 AD2d 470, 470). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of the SP defendants' motion which was for summary judgment dismissing the second and third causes of action, alleging intentional misrepresentation and fraudulent concealment and fraud in the inducement, insofar as asserted against them. "New York adheres to the doctrine of caveat emptor and imposes no duty on the seller to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Platzman v Morris, 283 AD2d 561, 562; see Jablonski v Rapalje, 14 AD3d 484, 485). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (Jablonski v Rapalje, 14 AD3d at 485 [citations and internal quotation marks omitted]; see Hecker v Paschke, 133 AD3d 713, 716). "To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the plaintiffs must show, in effect, that the seller thwarted the plaintiffs' effort to fulfill their responsibilities fixed by the doctrine of caveat emptor" (Platzman v Morris, 283 AD2d at 562; see Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520; Jablonski v Rapalje, 14 AD3d at 485). Here, in opposition to the SP defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the fraud causes of action based on the doctrine of caveat emptor, the plaintiffs failed to raise a triable issue of fact as to whether those defendants engaged in conduct that would constitute active concealment (see e.g. Mo v Rosen, 116 AD3d 933, 934).
The Supreme Court properly granted that branch of the SP defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging breach of the implied covenant of good faith and fair dealing arising from sale of real property, insofar as asserted against them pursuant to the merger doctrine (see Sentlowitz v Cardinal Dev., LLC, 63 AD3d 1137, 1138).
The Supreme Court properly granted that branch of the SP defendants' motion which was for summary judgment dismissing the fifth cause of action, alleging negligence, insofar as asserted against them, as the plaintiffs' allegations sounded in breach of contract rather than tort (see Rothstein v Equity Ventures, 299 AD2d at 474; see also Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1178-1179; Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc., 163 AD3d 971, 974; Sacks v Knolls at Pinewood, LLC, 157 AD3d 917, 918). The court also properly granted that branch of Doreen Pizzicorala's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against her. Doreen Pizzicorala established, prima facie, that Frank Pizzicorala did not owe a legal duty to the plaintiffs, and in opposition, the plaintiffs failed to raise a triable issue of fact (see Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956).
The Supreme Court erred, however, in granting that branch of the SP defendants' motion which was summary judgment dismissing the sixth cause of action, alleging violations of General Business Law § 349, insofar as asserted against Sportsman, as they failed to demonstrate, prima facie, either that Sportsman's construction, sale, and marketing of new houses was not consumer-oriented (see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 685; Board of Mgrs. of Bayberry Greens Condominium v Bayberry Greens Assoc., 174 AD2d 595, 596), or that it did not engage in acts that were deceptive or misleading in a material way (see Burlington Ins. Co. v Clearview Maintenance & Servs., Inc., 150 AD3d 954).
The Supreme Court properly granted that branch of the SP defendants' motion which was for summary judgment dismissing the sixth cause of action insofar as asserted against Suzanne Richter and PMI. In opposition to those defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether Barry Richter or PMI exercised complete domination and control over Sportsman, and abused the privilege of doing business in the corporate form to perpetuate a wrong or injustice, so as to pierce Sportsman's corporate veil and hold either Richter or PMI liable (see Allstate ATM Corp. v E.S.A. Holding Corp., 98 AD3d 541, 542; see also East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126-127, affd 16 NY3d 775).
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court