New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC (2024 NY Slip Op 01933)

New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC

2024 NY Slip Op 01933

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-01721
 (Index No. 5062/19)

[*1]New Hackensack Realty, LLC, et al., appellants,
v
Lawrence Development Realty, LLC, et al., respondents.

Harris Beach PLLC, White Plains, NY (Christopher H. Feldman and Doreen Klein of counsel), for appellants.
McCabe & Mack, LLP, Poughkeepsie, NY (Richard R. DuVall of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent inducement, the plaintiffs appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 6, 2020. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraudulent inducement, fraudulent concealment, and unjust enrichment and so much of the complaint as sought to pierce the corporate veil.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss so much of the cause of action alleging fraudulent inducement as was based on a misrepresentation of facts regarding the true rental income generated by a shopping center on the subject property and the status of its tenants, the cause of action alleging fraudulent concealment, the cause of action alleging unjust enrichment insofar as asserted against the defendants K & J Partners, LLC, JMK Construction Management, Inc., John R. Lawrence, and Kim Redl-Lawrence, and so much of the complaint as sought to pierce the corporate veil, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiff Qualamar Corporation entered into a contract of sale, which was subsequently assigned to the plaintiff New Hackensack Realty, LLC, to purchase a shopping center from the defendant Lawrence Development Realty, LLC (hereinafter the seller). After the closing, the plaintiffs allegedly discovered that the seller had misrepresented the amount of rental income that was being paid by tenants of the shopping center, the potential for additional development of the property, and the condition of the septic system for the property.
The plaintiffs commenced this action to recover damages for breach of contract, fraudulent inducement, fraudulent concealment, unjust enrichment, and to pierce the corporate veil against the seller, two allegedly related entities, K & J Partners, LLC, and JMK Construction [*2]Management, Inc., and the individual defendants, John R. Lawrence and Kim Redl-Lawrence, who allegedly were the owners of the defendant entities. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, inter alia, granted those branches of the defendants' motion which were to dismiss the causes of action alleging fraudulent inducement, fraudulent concealment, and unjust enrichment and so much of the complaint as sought to pierce the corporate veil. The plaintiffs appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Bono v Stim & Warmuth, P.C., 215 AD3d 911).
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421). "To prevail on a claim of fraudulent inducement, it must be shown that there was a knowing misrepresentation of material present fact, which [was] intended to deceive another party and induce that party to act on it, resulting in injury" (Piccoli v Cerra, Inc., 216 AD3d 1188, 1189-1190 [internal quotation marks omitted]). Here, the complaint sufficiently alleged that the defendants induced the plaintiffs to consummate the transaction by misrepresenting facts regarding the true rental income generated by the shopping center on the subject property and the status of its tenants.
Contrary to the defendants' contentions, the cause of action alleging fraudulent inducement is not duplicative of the cause of action alleging breach of contract, as the plaintiffs alleged that the defendants made misrepresentations of present facts that were collateral to the contract and served as an inducement to enter into the contract (see Did-it.com, LLC v Halo Group, Inc., 174 AD3d 682, 683; GoSmile, Inc. v Levine, 81 AD3d 77, 81). Moreover, a general merger clause such as the one in the subject contract of sale is ineffective to exclude parol evidence of fraud (see Barnaba Realty Group, LLC v Solomon, 121 AD3d 730, 731), and, in any event, the contract specifically states that the seller's representations regarding rent would survive the closing (see Davis v Weg, 104 AD2d 617, 619). Accordingly, because the defendants' submissions did not utterly refute the plaintiffs' factual allegations regarding the misrepresentations about rental income and conclusively establish a defense as a matter of law, or show that a material fact was not a fact at all, dismissal pursuant to CPLR 3211(a)(1) and (7) of the cause of action alleging fraudulent inducement based on the defendants' misrepresentations regarding rental income was not warranted.
However, with respect to the defendants' alleged misrepresentations regarding the future development of the property, the defendants' statements consisted of "future expectations, and do not constitute material misstatements of present fact" (Kato Intl. LLC v Gerard Fox Law, P.C., 195 AD3d 516, 517 [citation omitted]). The plaintiffs also failed to allege reasonable reliance upon the defendants' alleged misrepresentations, which pertained to information that the plaintiffs could have verified with due diligence (see Avery v WJM Dev. Corp., 197 AD3d 1141, 1144).
The Supreme Court should not have granted dismissal of the cause of action alleging fraudulent concealment. "New York adheres to the doctrine of caveat emptor and imposes no duty [*3]on the seller to disclose any information concerning the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Guoba v Sportsman Props., Inc., 200 AD3d 658, 660-661 [internal quotation marks omitted]). "If however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of active concealment, a seller may have a duty to disclose information concerning the property" (id. at 661 [internal quotation marks omitted]). "To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the plaintiffs must show, in effect, that the seller thwarted the plaintiffs' effort to fulfill their responsibilities fixed by the doctrine of caveat emptor" (id. [internal quotation marks omitted]).
Here, the plaintiffs sufficiently alleged facts that the defendants actively concealed the alleged defective condition of the septic system for the property (see Razdolskaya v Lyubarsky, 160 AD3d 994, 996-997; Margolin v I M Kapco, Inc., 89 AD3d 690, 692). The plaintiffs alleged that the defendants thwarted their ability to discover the true condition of the septic system by draining the system prior to their inspection, which prevented them from discovering the alleged defects before the sale of the property (see Gould v Syracusa, 254 AD2d 800, 801). As the defendants' submissions failed to utterly refute those factual allegations and conclusively establish a defense as a matter of law, or show that a material fact was not a fact at all, the Supreme Court should have denied dismissal of the cause of action alleging fraudulent concealment.
The Supreme Court properly granted dismissal of the cause of action alleging unjust enrichment insofar as asserted against the seller. To claim unjust enrichment, the plaintiffs must show: (1) the defendants were enriched, (2) at the plaintiffs' expense, and (3) that it is against equity and good conscience to permit the defendants to retain what is sought to be recovered (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; Marini v Lombardo, 79 AD3d 932). As unjust enrichment imposes an equitable obligation in the absence of an actual agreement between the parties, an unjust enrichment claim does not lie when the parties have entered into a contract governing the same subject matter (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142; ISS Action, Inc. v Tutor Perini Corp., 170 AD3d 686, 690). Here, as there is a valid contract between the plaintiffs and the seller covering this dispute, the plaintiffs may not recover damages for unjust enrichment against the seller.
However, the Supreme Court should not have granted dismissal of the cause of action alleging unjust enrichment insofar as asserted against K & J Partners, LLC, JMK Construction Management, Inc., John R. Lawrence, and Kim Redl-Lawrence. Those defendants are not parties to the contract of sale, and the plaintiffs alleged facts indicating that those defendants benefitted from the sale. As the contract does not cover the dispute in issue between the plaintiffs and the non-contracting defendants, and the defendants' submissions failed to utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law, or show that a material fact was not a fact at all, the cause of action alleging unjust enrichment insofar as asserted against those defendants was not subject to dismissal (see Slocum Realty Corp. v Schlesinger, 162 AD3d 939, 945).
The plaintiffs sufficiently alleged facts to support so much of the complaint as sought to pierce the corporate veil and hold the individual defendants liable. "To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 766). Factors to be considered in determining whether the owner has "abused the privilege of doing business in the corporate form" include, inter alia, "whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 127 [internal quotation marks omitted], affd 16 NY3d 775; see also Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc., 933 F2d 131, 139 [2d Cir]).
Here, the complaint sufficiently alleged that the individual defendants, John R. Lawrence and Kim Redl-Lawrence, abused the privilege of doing business in the LLC form through inadequate capitalization and commingling of assets (see Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 767), and that specific payments were made from accounts controlled by K & J Partners, LLC, and JMK Construction Management, Inc., as well as from the personal account of John R. Lawrence, to vendors that performed work on the property for the exclusive benefit of the seller. The plaintiffs also alleged an overlap in ownership of the corporate defendants, the use of common office space, a failure to deal with the dominated corporation at arm's length, and the payment of debts of the dominated corporation by the individual defendants (see Shisgal v Brown, 21 AD3d 845, 848-849). Accordingly, because the defendants' submissions failed to utterly refute the plaintiffs' factual allegations and conclusively establish a defense as a matter of law, or show that a material fact was not a fact at all, the Supreme Court should not have granted dismissal of so much of the complaint as sought to pierce the corporate veil.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court